FREEMAN & SNOWDEN v. J. B. & P. G. CAMDEN.

1. Defendants executed their note to plaintiffs, describing them in their note, as "surviving partners of J. B. & M. Camden & Co." Held to be a mere *descriptio personarum*, and unnecessary to be inserted in the declaration.
2. A variance between the writ and declaration cannot be reached by a motion to quash the writ. (See Jones v. Cox, ante 173.)
3. After the court has given judgment on demurrer, the same matter is never allowed to be urged in arrest of judgment

Appeal from the Carroll Circuit Court.

JONES & RYLAND for Appellants.

EWING for Appellee.


*Opinion of the Court, delivered by Scott, Judge.*


J. B. & P. G. Camden, the plaintiff's below, sued Freeman & Snowden by petition in debt, on a note executed by them, in which the plaintiff's below are described as surviving partners of J. B. & M. Camden, & co. The plaintiff's below commenced their petition thus, "John B. Camden and Peter G. Camden plaintiffs &c," omitting the description of their persons contained in the body of the note; the writ requires the defendant below, to appear and answer the complaint of John B. & Peter G. Camden, surviving

partners of J. B. & M. Camden & Co. For this, a motion was made to quash the writ, because it varied from the petition; the motion was overruled, and the overruling of the motion is one of the errors complained of.

APRIL TERM.
1842.

Freeman &
Snowden
v.
J. B. & P. G.
Camden

It is not easy to see the variance alleged, but if this matter could be tortured into one, it has been held by this court that a variance between the writ and declaration, if it could be taken advantage of at all, could not be reached by a motion to quash. See Jones v. Cox & Others, 7 vol. Mo. Rep. Another error assigned, is the overruling the demurrer, and the refusal to arrest the judgment. The reasons shown in arrest of the judgment, were the same as those offered in support of the demurrer. After the court has deliberately expressed its judgment upon a demurrer, the same matter is never allowed to be urged in arrest of judgment. The alleged cause of demurrer, was that the plaintiffs were described in the body of the instrument sued on, as surviving partners of J. B. & M. Camden & Co., and that they declared by the name of John B. Camden and Peter G. Camden, omitting the description given them by the note. This is the same question presented by the motion to quash. This omission is not material. The word "Surviving partners of J. B. & M. Camden & Co.," were a *descriptio personarum*, which has always been held unnecessary to insert in a declaration.

Judgment affirmed.

*Held to be a mere descriptio personarum, and unnecesary to be inserted in the declaration.*

*A variance between the writ and declaration cannot be reached by a motion to quash the writ. See Jones v. Cox. ante 173.)*

*After the court has given judgment on demurrer, the same matter is never allowed to be urged in arrest of judgment.*