MINER N. FRANKLIN, DICEY GLENN, and JAMES GLENN, Appellants, *v.* ROBERT McENTYRE, Appellee.

APPEAL FROM WASHINGTON.

When one person purchases real estate with the money of another, a resulting trust arises in favor of the person furnishing the money.

THIS was a bill in chancery filed by appellee against appellants, to compel them to convey to him certain land, which Franklin had bought with appellee's money under an agreement to convey the same to appellee, but which he refused to do.

The remaining facts are sufficiently stated in the opinion. The case was tried before O'MELVENY, Judge.

HAYNIE, PAUSH & WATTS, for Appellants.

SMITH, SUMNER & UNDERWOOD, for Appellee.

BREESE, J.   The testimony is full to the point that the tract of land in controversy was entered with the complainant's money to the extent of one-half thereof, and repeated declarations of the defendant proved that he entered the land for the benefit of complainant and himself, he to have the south half of the quarter section, and the complainant the north half, on which he resided at the time the entry was made, and the bill filed and the decree entered up.   But it is now insisted by the appellant's counsel, that the contract between these parties cannot be enforced, because the land was entered in violation of an act of Congress, approved August 4, 1854, entitled "An act to graduate and reduce the price of the public lands to actual settlers and cultivators," and further, that the contract is void at common law.

We think the argument to sustain these objections, able and ingenious as it is, is hardly applicable to the facts of the case. There is no proof going to show that there was any contract or agreement whatever between these parties, that either of them should violate the act of Congress in making the entry and purchase of the land.   Nor is it shown that McEntyre, the complainant, was knowing, or privy to, any such intention on the part of Franklin.   Franklin made the oath required by the act of Congress without any instigation thereto by McEntyre, and really without his knowledge, for the original design was that McEntyre should make the oath and entry in his own name, and though it is not positively so stated in the bill of complaint, yet it is a fair inference from what is there stated, that he did in fact make the necessary affidavit before the register of the land office, for which he paid the fee of fifty cents, he, the register, promising to make the entry for McEntyre, and send the certificate to him, the money being left with the register by McEntyre for that purpose, one-half of which being furnished by McEntyre, and the other half by Franklin.   After a delay of some weeks, the certificate of entry not being sent, Franklin proceeded to the land office, made the oath required by the act of Congress, applied the money left there by McEntyre, and took the certificate of entry in his own name, and then refused to convey the north half of the quarter section to McEntyre, as it was originally understood he should do, but conveyed the whole tract to

his then unmarried daughter, who afterwards intermarried with James Glenn, no consideration having passed from his daughter for the conveyance. It also appears that McEntyre, during all this time, was in the actual possession of the north half of the tract, improving and cultivating the same, and actually residing thereon, and was so residing at the time he endeavored to enter the land.

Now, as one-half the money was advanced by the complainant, a trust results in his favor, and although Franklin made oath before the register, as the act of Congress required, that he made the entry " for his own use," that would not destroy the trust. Though Franklin may have made the entry in fraud of the law, as it was not done by the procurement, privity or consent of McEntyre, he cannot be deprived of the equity belonging to him, by his advance of a portion of the purchase money. Had he entered the land, and made the affidavit as originally designed by the parties, it is hardly questionable if he would not have been justified in so doing, as he then lived on the land, and had made improvements on it. Franklin's entry may or may not have been in fraud of the act of Congress. We cannot say, for his after conveyance of the land to his daughter does not, and cannot, negative the idea that at the time of the entry he intended the land for his own use, and for the purpose of actual settlement and cultivation. There is no inhibition in the act, that after entry and purchase, the purchaser shall not grant the land, or sell it.

But if Franklin's entry was in fraud of the law, a subsequent act of Congress, entitled " An act to confirm certain entries of land therein named," approved March 3, 1857, (11 U. S. Stat. at large, 186,) securing to the defendant his interest in one-half of the land, also secures complainant his equitable interest in the other half.

The decree of the Circuit Court is affirmed.

*Decree affirmed.*