JACOB H. ROSE, Respondent, *v.* AARON D. TREADWAY, Appellant.

Contract as to making Pre-emption Claims. Where there was a contract between two persons that one, who was entitled to pre-empt a certain tract of land, should make no pre-emption claim, in consideration of which the other should make a pre-emption claim for a larger tract including the former, and after obtaining the Government title, upon payment of a proportional price for the lesser tract, should deed it to the other: *Held*, a valid contract, neither in contravention of the pre-emption laws nor within the statute of frauds.

Trust in favor of Settler enforced in Equity. When, by an agreement between settlers, each secures the precise lands which he has occupied, cultivated and improved, the object of the pre-emption laws of Congress is attained; and if, under such agreement, one acquires the legal title for another's land, a trust results, which a court of equity will enforce.

Pleading by Defendant asking Affirmative Relief. A defendant claiming affirmative relief must plead as fully as if he were a plaintiff.

Appeal from the District Court of the Second Judicial District, Ormsby County.

The facts are stated in the opinions.

*Ellis and Sawyer*, for Appellant.

I.

The contract, under which defendant claims affirmative relief, contravenes neither law nor public policy, but is consonant to both. (*Fleming* v. *Snow*, 10 Iowa, 318.)

The pre-emption statute never meant to say that pre-emptors could not make amicable arrangements of difficulties existing between them. And equity looks with favor upon all contracts and agreements that have for their aim the quieting of litigation. This is also the dictate of sound public policy. (See cases cited in U. S. Digest for 1861, 958.)

The consideration of this agreement, as averred and proved, is a valid, good and sufficient consideration.

There was not only a part, but an entire performance of the agreement on the part of Treadway, by his not filing upon and contesting the right of Rose to pre-empt the "*Forty*," and by his remaining in possession and keeping and maintaining valuable improvements upon the land.

## II.

The defendant is entitled to the affirmative relief. Courts of equity will follow purchase money into the land and decree the land to him who furnishes the purchase money. (*Bryd* v. *McLean*, 1 John. Ch. 582 ; *Bottsford* v. *Burr*, 2 John. Ch. 408 ; 2 Binney, 302.)

## III.

If the defendant is not entitled to the equitable relief prayed, yet the plaintiff is defeated in his action of ejectment. The action of ejectment is a *possessory* action, and the plaintiff must be entitled to the *possession* of the land sued for by him. It was shown by the evidence that the defendant has been in possession of the land since 1860, and is now *entitled at least to the possession.*

*Clayton and Davies,* for Respondent.

## I.

The patent of the United States to Rose, lawfully acquired by Rose, and of which he is now the owner and holder, showed his title to the land in dispute, and his right to the possession thereof.

## II.

The agreement between Rose and Treadway, that Rose would obtain a patent for land and afterwards deed the same to Treadway, is in direct contravention of the pre-emption statute ; and even if such an agreement had been entered into in direct conflict with the positive law of the land, it is hardly to be presumed that a Court of equity would assume such transcendent powers as to decree its enforcement. A party seeking relief in equity must present himself with clean hands, and in asking equity must do equity.

## III.

The four hundred dollars paid by Treadway to Rose was paid partly in satisfaction to Rose for filing an abandonment of forty acres of land which Rose had pre-empted, and which Treadway was desirous of obtaining, and partly in satisfaction of damages done to Rose's property by trespass of Treadway's stock ; and the payment of the said sum was totally foreign to the matter of settling the boundary lines between the various pre-emptors, and had no relation to or connection with the fifteen acres of land in dispute.

## IV.

When Rose had procured the patent and was in condition to relinquish the fifteen acres to Treadway, the latter had failed to procure a relinquishment in favor of Rose, which he agreed to do. Rose having a patent from the Government, and Treadway having failed to perform his part of the agreement, Rose is entitled to his writ of ejectment.    It is absurd to contend that Treadway, failing to perform his part of the contract, could thereby take advantage of his own wrong, and possess and enjoy the fifteen acres of Rose's land in defiance of the real owner.

By the Court, WHITMAN, J.

Defendant Treadway appeals from an order made in the District Court of the Second Judical District, overruling his motion for a new trial, and from the judgment of the Court against him.

The action was to recover fifteen acres of land, portion of a larger tract, claimed by plaintiff under a patent of the United States.    Defendant in possession pleaded that he was entitled thereto, and to a deed from plaintiff, by virtue of an agreement that plaintiff should obtain title to the entirety from the Government of the United States, and thereafter deed to defendant the fifteen acres in controversy, in consideration that defendant should refrain from presenting his rightful claim to the larger tract, and should pay the purchase money of the smaller, which was within his inclosure.

The question of fact in dispute is, what was the agreement ? Plaintiff claims that he was not to deed unless defendant first ob-

tained for him the title to certain lands in his possession, but claimed by pre-emption by other parties; and that defendant failed so to do.

The allegations of defendant's answer are clearly proven, unless a certain paper in evidence is to be taken as the real agreement. This paper is in the following words:

" George L. Gibson is to convey to Jacob H. Rose, on demand, after pre-emption by warrantee deed, (or to give bond for perfect title in fee simple upon reception of patent) all that portion of northeast quarter of southeast quarter of section 7 of township 15, range 20, which lies west of said Rose's east fence.   On demand, after A. D. Treadway shall procure for Rose a perfect title in fee simple to all that portion of west half of northeast quarter of said section 7 lying south of said Rose's north fence, and that portion of southeast quarter of southeast quarter of said section 7 lying west of said Rose's east fence, said Rose is to convey, by warrantee deed, (or give bond for deed on reception of patent) all that portion of west half of southeast quarter of said section 7 lying south of Treadway's north fence, marked on plat ' log fence.'   Meanwhile all parties to occupy according to present inclosures.

" Signed March 2d, 1865.

" A. D. TREADWAY,

" GEORGE GIBSON,

" By Chas. E. Flandrau, their Attorney in Fact.

" JACOB H. ROSE,

" By Geo. A. Nourse, his Attorney in Fact."

Plaintiff, defendant, and Gibson all testify that they never authorized nor were aware of its execution.   It can then have no validity as an agreement.   Defendant, Chapman, Gatewood, and Gibson all testify to the agreement substantially as set forth in defendant's answer; and the only contradiction thereof is on part of plaintiff, who testifies that he did not understand that he was to deed to defendant unless defendant obtained for him his possessions claimed by others.

The evidence is conclusively in favor of defendant, especially when considered in the light of the undisputed facts:   First. That

he had the right of pre-emption to the tract, including the land in controversy.     Second. That he did not make claim to it by reason of some agreement with plaintiff.     Third. That he paid to plaintiff four hundred dollars in settlement of another controversy, and with the understanding on the ·part of defendant at least that a sufficient portion thereof should be applied in payment for the land in dispute here.

The contract was valid, and neither in contravention of the pre-emption laws of the United States, nor within the Statute of Frauds.

The object of the laws of Congress is certainly fully attained when each settler secures the precise lands which he has occupied, cultivated, and improved ; and when under an agreement similar to that between plaintiff and defendant legal title has vested by the issuance of the patent of the United States, a trust results which Courts of equity will enforce against the patentee.     (*McCoy* v. *Hughes*, 1 Iowa, 371, (Greene) ; *Brooks* v. *Ellis*, 3 Iowa, 527, (Greene) ; *Bryant* v. *Hendricks*, 5 Iowa, 258, (Clarke) ; *Snow* v. *Flannery*, 10 Iowa, 318 ; *Stephenson* v. *Smith*, 7 Mo. 619 ; *Grove's Heirs* v. *Fulsome et al.*, 16 Mo. 549 ; *Doyle* v. *Willy*, 15 Ill.     ; *Franklin* v. *McFlyn*, 23 Ill. 91.)

Defendant prays a decree for a deed from plaintiff. His pleading does not entitle him to it.     He alleges no demand for nor refusal to give a deed.     Under the practice in this State a defendant claiming affirmative relief must plead as fully as if plaintiff.

The order of the District Court is reversed, and the cause remanded, with leave to defendant to amend his answer.

BY JOHNSON, J., concurring.

This was an ordinary action of ejectment for a certain parcel of land in Ormsby County.     The defendant, Treadway, answering a complaint in the usual form, negatived the averments of such complaint, and subsequently, by supplemental answer, set up an additional defense of an equitable character—that a contract had been made between him and plaintiff for the land in controversy, and that having complied with the terms of the agreement on his part, he is entitled to, and by way of cross action, prays a specific performance.

The question, so far as I am advised, has never before been passed on by this Court; but in New York and California, under a code of procedure essentially like ours, it has been quite uniformly held that a person having a perfect equitable title to land in possession, could use it effectually in resistance to an action of ejectment, prosecuted by one holding the legal title. (*Crary* v. *Goodman*, 2 Kernan R. 266; *Arguello* v. *Edinger*, 10 Cal. R. 157; *Morrison* v. *Nelson*, 13 Id. 494; *Estrada* v. *Murphy*, 19 Id. 248; *Webber* v. *Marshall*, Id. 457; *Lestrado* v. *Barth*, Id. 660; *Donner* v. *Smith*, 24 Id. 114; *Blum* v. *Robinson*, Id. 127.) Moreover, in such a case, if upon hearing the evidence the Court shall determine there is ground for relief, it will enjoin the further prosecution of the action with its decree for specific performance. (*Webber* v. *Marshall*, 19 Cal. 447; *Lestrado* v. *Barth*, Id. 660.) But to entitle a defendant to such relief the answer should contain all the essential averments of a bill in equity. (Id.)

The defendant here makes no allegation of a demand for a deed. As the case stands, is such an allegation necessary? The general rule seems to be that a vendee, in addition to the payment or tender of the purchase money, must demand his deed before he can maintain an action for a breech of the covenant. (*Gray et al.* v. *Dougherty et al.*, 25 Cal. 279, and cases there cited.) This general rule, however, has its exceptions. "The chief office of a request," says Sanderson, C. J., (Id. 280) "is to perfect the breach and put the vendor in default, and this result may follow from other causes and circumstances as well as from a refusal to comply with an express demand. As, for instance, if the vendor refuses to receive the purchase money when tendered, thereby repudiating his contract, or by his own act prevents the vendee from performing his part of the agreement, *or by any adversary* steps makes it known that he does not intend to observe and perform his covenant, except upon compulsion, thus in effect refusing in advance of a demand, neither law nor equity imposes upon the vendee the observance of a ceremony thus made idle and fruitless. Under such circumstances a Court of equity will go so far as to interpose and compel specific performance before the vendee has complied with the contract on his part, when it would be inequitable and uncon-

scientious to allow the vendor to evade his covenant, and will award a decree compelling specific performance within a certain time, provided the vendee shall have before that time performed on his part." (See also the cases cited in the opinion.)

Accepting this as a fair statement of the law bearing upon the question in hand, and within these rules, if Treadway had brought suit directly against Rose to compel a specific performance, on the precise grounds set forth in his supplemental answer here, the want of a demand upon Rose for a deed before suit would be fully compensated in the pleading, by stating in effect that Rose claimed to be the owner and entitled to the possession of the premises in controversy, and was prosecuting an action to obtain possession of the same. But when the position of the parties, as in this instance, is reversed—Rose is first the actor, claiming in his complaint the ownership and right of possession to the land, and brings suit to eject Treadway from the premises—thus by his declarations and acts demonstrating beyond cavil that a demand upon him for a deed would be but an idle ceremony—so thoroughly supplies the adversary pleading and proofs upon the question of demand as to render entirely needless either such an averment in the answer or evidence as to the fact on the hearing of the case.

Entertaining the views expressed herein, it follows that in my judgment, in respect to the matter of demand, no amendment of the answer is necessary.

Upon the other questions discussed I concur in both the reasoning and conclusions attained in the opinion of my associate. I also concur in the order reversing the judgment of the District Court.