FREAS et al. *v.* ENGELBRECHT et al.

| 3 | 377 |
|---|---|
| 3 | 607 |
| 6 | 29 |
| 6 | 508 |
| 3 | 377 |
| 14 | 542 |
| 3 | 377 |
| 3a | 39 |
| 3 | 377 |
| 12a | 211 |
| 3 | 377 |
| 27 | 284 |
| 3 | 377 |
| 36 | 435 |

1. After a general demurrer to a declaration is overruled, the defendant is precluded from moving in arrest of judgment for defects in the declaration.

2. After pleading over to the merits the defendant cannot assign error upon the overruling of his demurrer.

3. The dismissal of an appeal for want of prosecution in the supreme court, is not equivalent to an affirmance of the judgment appealed from.

*Error to Probate Court of Gilpin County.*

ACTION of debt on an appeal bond. The defendants in error obtained judgment in the probate court of Gilpin county against Freas, one of the plaintiffs in error, for the sum of $301.75. Freas appealed to the supreme court and gave bond with Thomas and Wentworth as his sureties. The appeal was dismissed in the supreme court by defendants in error, for want of prosecution. The defendants in error thereupon instituted suit upon the appeal bond in the probate court of Gilpin county. The declaration sets up a joint and several bond, conditioned in the usual form, that Freas should prosecute his appeal with effect, and should pay the amount of the judgment together with interest and costs in case the judgment should be affirmed in the supreme court, etc.; the declaration further avers the dismissal of the appeal, and the breach assigned is that Freas had " not paid the amount of said judgment in said writing obligatory mentioned," whereby an action had accrued, etc. The defendants below filed a general demurrer to the declaration, the demurrer was overruled and thereupon Freas and Thomas (Wentworth not having been served) severally pleaded over to the merits; Freas interposing seven pleas and Thomas eight; demurrers were filed and sustained to some of these pleas and overruled as to others. These pleas are all commented on in the opinion of the court, and further reference to them in this place is unnecessary. A jury was waived and the cause tried by the court. It also appears that the parties agreed that the

amount due upon the original judgment was $291.62.   The court gave judgment in that amount as damages, together with costs against Freas and Thomas, to reverse which judgment, this writ of error was sued out.

Mr. L. C. ROCKWELL, for plaintiffs in error.

Mr. ALVIN MARSH, for defendants in error.

WELLS, J.   1. Having demurred generally below, the plaintiff in error was, it seems, precluded from moving in arrest of judgment for defects in the declaration.  *Freeman* v. *Camden,* 7 Mo. 298 ; 2 Tidd, 740*, 918* ; *Nouse* v. *The County of Peoria,* 2 Gilm. 106 ; Graham's Prac. 641.

And having pleaded matter of fact after the overruling of his demurrer, he is precluded now from assigning error upon that decision.   We have searched in vain for authority which will relieve from this absurd dilemma.   The declaration, whatever it may contain, is, so far as any inquisition of error is concerned, a sealed book.   The plaintiff in error, by the inconsiderate course pursued in pleading in the court below, has rendered it impossible for us to entertain the interesting questions which were principally discussed at the bar.

2. The second plea of the defendant Freas was probably not obnoxious to general demurrer.   He was certainly at liberty to traverse the allegations of the narr., touching the proceedings in the supreme court ; and this we suppose to be the effect of the plea in question ; there was error, therefore, in sustaining the demurrer to this plea.

But the only effect of allowing the plea would have been to require the production of the record ; and this was produced at the trial.   It seems to us, therefore, that we ought not to reverse the judgment for the error in sustaining the demurrer.

The third plea set up matter of law only, and presents the same issue which had before been determined on demurrer to the declaration.   The demurrer to this plea was, therefore, well sustained.

The fourth plea amounts to *nul tiel* record, to the judgment of the supreme court averred in the declaration. The effect of the judgment upon the demurrer to this plea is dependent upon the same considerations before adverted to in the case of the second plea.

The fifth plea is, of course, bad. The defendant Thomas pleaded separately the same pleas as his co-defendant, in the same order and form : except that his third plea sets forth his character of surety. The result as to the issues of law joined upon these pleas is the same as in the case of the pleas pleaded by the defendant Freas.

The additional plea of *nul tiel* record pleaded by this defendant was also bad. *Arnott* v. *Friel,* 50 Ill. 175. The result upon the whole record is that in determining these issues of law no material error which is open to examination was committed.

The issues of fact which were submitted were those arising upon the first plea, *non est factum ;* the sixth, *performavit omnia ;* the seventh, which is an immaterial issue, and the eighth plea of the defendant Thomas, which avers general performance by his co-defendant. The evidence produced by the plaintiffs was entirely sufficient to maintain the affirmative, which rested upon them. They produced the identical bond which they had averred in the declaration, and a transcript from the records of this court, which exhibited that Freas' appeal had been dismissed for default of prosecution, as the declaration alleged. The objections interposed to this evidence were properly overruled. The plaintiffs were entitled to maintain the issue which defendants had joined with them ; the substantial insufficiency of the matters involved in these issues, to charge the defendants, was matter of objection at another stage of the cause. *Greathouse* v. *Robinson,* 3 Scam. 9. Having established what they had alleged, however insufficient, the plaintiffs were entitled to have the issues of fact resolved in their favor. *Safford* v. *Stevens,* 2 Wend. 158 ; *Harley* v. *Wheeler,* 4 Jones, 162. The remaining question, which is presented by the assign-

ment of errors, regards the assessment of the plaintiffs' damages. These were estimated in the court below at the amount remaining unpaid of the judgment appealed from. It is argued that inasmuch as by the declaration it appears that the appeal of the defendant Freas was dismissed and the judgment from which the appeal was taken was never in terms affirmed in this court, the defendants are in no event liable for more than nominal damages.

The question presented, therefore, is whether the dismissal of an appeal from the district court to the supreme court is under the Territorial statute (R. S., ch. LXX, § 41) equivalent in its effect to the affirmance of the judgment. An affirmative response to this question was given in the case of *Hax* v. *Leis*, 1 Col. 187 ; but an examination of the report will make it apparent that the appeal in question in that case had been dismissed for the failure of appellant to give bond within the time limited by the order allowing the appeal ; the effect of the dismissal for that cause was the question there presented, and in so far as that question differs from the one arising upon the present record, the remarks of the learned justice, who gave the opinion, were entirely extra-judicial, and neither conclude us nor excuse from an independent examination of the question.

The appellant, on executing the appeal bond and procuring his sureties to unite therein with him, must be presumed in every case to contemplate a compliance with the statute, and no more ; except for the requirement of the statute, it may safely be assumed, he would not have given bond at all. The true question, therefore, is, what was the legislative intent in this requirement. The 41st section of the Practice Act (R. S. chap. LXX), after allowing the appeal, provides that within a day to be limited, etc., the appellant shall give bond conditioned "for the payment of the judgment, costs, interest and damages in case the judgment shall be affirmed, and also for the due prosecution of the appeal." The arrangement of the members of this sentence and the phraseology of the second clause are worthy of

remark.   Two things are required of the appellant in order
to save the bond :   (1) To pay the judgment in case it shall
be affirmed.   (2) To make due prosecution of the appeal.

Looking to the letter of the statute alone, it seems impossible to say that affirmation of the judgment was in contemplation of the legislature, as incidental to a discontinuance of
the appeal ; for, if so, why should the second condition have
been added ; according to this interpretation, appellee was
protected at every point by the first condition ; and the
second is meaningless.   An interpretation which, without
any imperative necessity, reduces one of two harmonious
clauses of the statute to empty verbiage, ought not to be
adopted.

Looking beyond the statute, all the analogies of the law
are opposed to the interpretation for which the defendants
in error contend.

The appeal is merely cumulative to the common law process of writ of error.   The statute which gives the former,
does not take away the latter.   The party may in the first
instance, as will be confessed, adopt either, at his pleasure.

The appeal, if that method be pursued, performs the
office of the writ of error, has the same effect, and is governed by the same rule in every respect, save in the single
instance that an appeal, when perfected, stays by its own
force the execution of the judgment, while upon writ of
error, supersedeas is awarded only upon the order of some
justice of this court.   And so it was under the Territorial
law.

Now if the dismissal of the appeal for want of prosecution operates to affirm the judgment, and so preclude the
suing out of a writ of error, voluntary discontinuance of
the appeal must be attended by the same consequences.
And if the voluntary or negligent omission to prosecute an
appeal has the effect attributed to it, it will follow that the
abatement of the first writ of error, where the party adopts
this instead of the statutory remedy, should bar any second
writ of error.   But this is not the law.   Tidd's Prac. 1154;

*Birch* v. *Triste,* 8 East, 411; *Power* v. *Frick,* 2 Grant's Cases, 306.

Though the second writ of error will not, it seems, be made a supersedeas, where the first was discontinued for the default of the plaintiff in error.

Where the statute gives an appeal from the judgment of an inferior court, not as a process of review, but as the means of affording a new trial in the superior court, it must be conceded that the dismissal of the appeal has the effect to render the judgment unimpeachable, for there is no longer any process afforded by which the same questions and matters of controversy can be again agitated between the same parties, or the errors committed upon the first trial reviewed.

But in every other instance, it is believed, unless the present case be also an exception, the discontinuance of legal process, for default of the party instituting it, has no other effect than to charge him with costs, and perhaps a pecuniary penalty for the apparent injustice of making a false and groundless plaint. In other respects, it remits him to his original position.

He may renew his action in any court having jurisdiction and in the same form, or any other which is appropriate to the case. It was never heard that judgment of *non pros* at law, or the dismissal of a bill in equity, expressly for default of prosecution, would bar another suit at law, or a new bill in equity for the same cause. The judgment or decree it is said is but "the blowing out of a candle which a man may light again at his pleasure." Freem. on Judg., § 261; 1 Danl. Ch. Pr. 659.

Now can any controlling reason be assigned for a distinction between process in error, and other legal process? Is not the injury inflicted by an unjust judgment as grievous in itself, as serious in its consequences, as worthy of redress, as another form of injury? Is the failure to prosecute an appeal so much more deserving of censure than the same default in respect to all other forms of litigation?

These questions must be answered in the negative. It

may be said that by the judgment below, the party pre-
vailing is *prima facie* established in his title to that which
is adjudged to him, and ought not to be delayed in having
the lawful fruits of his recovery by an interminable series
of appeals and writs of error, successively discontinued
by default of his adversary.   But the allowance of process
of review in the first instance implies that the judgments  ·
even of superior courts are not above the suspicion of error,
and if after the first appeal or writ of error, supersedeas be
denied (as it seems is the rule), the inconvenience to the
defendant in error is not more striking than in other cases.
Moreover in the case of appeals, the appellee is in general
indemnified for the delay which he has sustained by the
damages which the law awards upon discontinuance.

Upon reason and analogy, therefore, the discontinuance
of an appeal ought not to be treated as an affirmation of
the judgment.

Considering the question in the light of authority, it may
be admitted on the threshold, that where no other remedy
for error in the judgment of an inferior court is provided,
and the appeal be dismissed for any cause, the effect is to
put the judgment beyond question, and so discontinuance
of the appeal is equivalent to affirmance.   This distinction
disposes of *Karth* v. *Light*, 15 Cal. 326, and the other cases
in the same court which follow that case, for by the rules
of that court, in force long before the discontinuance which
was then in question, no second appeal is entertained, and
as appears by *Haight* v. *Gay*, 8 Cal. 300, no writ of error
lies there in these cases where an appeal is given.   The
same distinction destroys the effect of *McConnell* v. *Swailes*,
2 Scam. 572; *Sampson* v. *Prather*, 5 Oreg. 86; *Bull* v.
*Hammill*, 7 How. (Miss.) 111, and other cases in that court.
As for the case of *Caldwell* v. *Hawkins*, 46 Mo. 263, and
the other cases to which we are referred from the reports of
the same court, and where, upon dismissal of appeals for
want of prosecution, an order of affirmation has been made,
they will be found to depend upon a statute expressly em-

powering and perhaps requiring the court, on dismissal of an appeal, to affirm the judgment, unless cause be shown to the contrary. This statute is referred to in the syllabus of the case above cited.

The case of *Canyon Road Co.* v. *Lawrence*, 3 Oreg. 519, has nothing to do with this question. *Hauer* v. *The Town of Polk*, 6 Wis. 350, decides nothing more than this: that after discontinuance of an appeal the court has no jurisdiction to annul the judgment below; by consequence, if the case has any application here, there is no jurisdiction to affirm.

*Young* v. *Mason*, 3 Gilm. 55, affords an argument against the effect sought to be attributed to the condition to prosecute with effect. The bond considered in that case contained a condition to "prosecute the appeal with effect and pay whatever judgment might be rendered by the circuit court upon dismissal of the appeal."

The circuit court, instead of dismissing the appeal, entertained it, and according to the report, affirmed the judgment of the justice and gave judgment for an additional sum as damages. In the action on the appeal bond, the issues were found for the plaintiff, and the court gave judgment for one cent damages. On error, this judgment was affirmed. " The obligors," said KOERNER, J., " had stipulated to pay a certain amount of money in the happening of a certain event, viz., the dismissal of the appeal. The record shows that event did not happen.    *    *    *    There being no evidence that the mere non-prosecution of the appeal by the defendants in error caused any damage, the court correctly gave but nominal damages."

The condition to prosecute the appeal with effect has precisely the same scope with the condition for the due prosecution of the appeal on the bond now before us. Yet the court, in that case, repudiate, in distinct terms, the idea that by failure to prosecute the appeal with effect, the appellant is to be charged with other damages than those which result from the delay incident to an unsuccessful appeal.

The remaining cases, so far as they have been brought to our notice, which countenance the petition of the defendant in error, are *Harrison* v. *Bank of Kentucky*, 3 J. J. Marsh. 143; *Sutherland* v. *Phelps*, 23 Ill. 91; *Karthous* v. *Owens*, 2 G. & J. 430; *Maryott* v. *Youny*, 33 N. J. Law, 327; *Sessions* v. *Pentard*, Hemp. 678; with some others in the same courts.

These cases do unquestionably decide that the condition to prosecute the appeal to effect, or to duly prosecute the appeal, is a substantive condition; and that for a failure therein, the appellant and his sureties are chargeable as for a breach of the other conditions.

Opposed to these are the cases of *Forsyth* v. *McCormick*, 2 Car. L. Rep. 472, followed in *Orr* v. *McBride*, 3 Murph. 359; *Star* v. *Benedict*, 19 Johns. 454; *Malone* v. *McLane*, 3 Ind. 532; *Ashley* v. *Brazil*, 1 Pike, 144; *Watson* v. *Husson*, 1 Duer, 242; *Drummond* v. *Husson*, 14 N. Y. 164. What is said by C. J. TANEY in the *United States* v. *Pacheco*, 20 How. 261, is to the same effect.

In this discord of the authorities, we feel at liberty to pursue the rule which appears to us the more in accord with reason.

If it should be suggested that, the question being in truth, altogether dependent upon statute, we are concluded by the construction given to the same statute by the supreme court of Illinois, 'from whence we adopted it, it is sufficient to say that we ought not to presume a legislative adoption of an interpretation which is palpably wrong, harsh and oppressive. CAMPBELL, J., in *Drennan* v. *The People*, 10 Mich. 179; *Little* v. *Smith*, 4 Scam. 302. The case of *Sterling City Mining Co.* v. *Cock et al.*, 2 Col. 25, is very analogous to the present. In that case, the supreme court of the late Territory refused to be bound by the opinion of the supreme court of Illinois ·in *Churchill* v. *Abraham*, 22 Ill. 456, construing an attachment bond given in pursuance of a statute which we had adopted substantially, and I believe, in respect to the matter there in ques-

tion, literally from that State. This court has, at this term, in a cause arising upon the same bond, approved and followed the former decision.

To conclude, we hold that the dismissal of an appeal for want of prosecution is not equivalent to an affirmance of the judgment.

The plaintiffs' declaration must, therefore, be construed as assigning for breach the non-performance of the condition to prosecute the appeal with effect, but the breach of this condition cannot be said to charge the surety with the amount of the judgment below, for, as to this, he has stipulated to be answerable only in the single event that such judgment should be affirmed. So much of the declaration as alleges the non-payment of the judgment is, therefore, mere surplusage. And inasmuch as the plaintiffs below neither averred nor proved any damage occasioned by the breach of the first condition of the bond, they were entitled to nominal damages only. *Young* v. *Mason*, 3 Gilm. 56.

Judgment reversed with costs and cause remanded.

                                        *Reversed.*