[No. 4173.]
### CAVINESS v. THE PEOPLE.

APPELLATE PRACTICE IN CRIMINAL CASES—WRITS OF ERROR.
Under section 1479, Mills' Ann. Stats., providing that writs of error in
  all criminal cases not capital shall be considered as writs of right
  and issue of course, one convicted of crime less than capital is en-
  titled as a matter of right to one writ of error, but where such writ
  is dismissed for want of prosecution, he is not entitled as a matter
  of right to a second writ.

*Application for writ of error to Montezuma County.*

Mr. HENRY HUNTER and Mr. JOHN A. GORDON, for plain-
tiff in error.

Mr. DAVID M. CAMPBELL, attorney general, Mr. CALVIN
E. REED and Mr. DAN B. CAREY, for the people.

PER CURIAM.  This is an application for a writ of error by
plaintiff in error who was tried and convicted of the crime of
murder of the second degree in April, 1896, and sentenced
to the penitentiary where he has ever since been confined.
In March, 1898, he applied for and obtained from this court
a writ of error to the judgment of conviction, and the tran-
script of the record and bill of exceptions were lodged with
the clerk.  The cause was pending here until July, 1899,
when, on account of the failure of the defendant to take any
further steps whatever therein, the writ was dismissed for
want of prosecution.  Thereafter and in the same month
leave was granted to plaintiff in error to move to reinstate
the cause, which was done, and upon a showing made, the
court, deeming the same insufficient, denied the motion.

In November, 1899, plaintiff in error by his counsel ap-
peared in this court and asked permission to withdraw the
transcript of record and bill of exceptions, which was granted
without prejudice to the right of the attorney general to resist
an application for a second writ, for which, it was then indi-

cated, plaintiff in error would apply. In December, 1899, upon his presentation of the transcript to the clerk, accompanied by a request for a writ of error to issue thereon, the clerk refused to issue it; and thereupon plaintiff in error filed his petition herein for an order directing the writ to go.

Under facts substantially identical with those here present, this court in *McCoy v. The People*, not reported, refused a second writ of error upon the ground that the right thereto was not absolute. Under the doctrine *stare decisis* we might summarily deny the motion. But as no opinion was handed down in the *McCoy* case, we deem it better, on this application, to settle the practice in this jurisdiction.

Counsel for plaintiff in error has called our attention to authorities which are to the effect that the dismissal of an appeal or the non-pros. of a writ of error is, as a general rule, to leave the case as if there had been no appeal or writ of error, and that an order of dismissal does not preclude a second appeal or second writ of error. Elliott's Appellate Procedure, § 535; *McMichael v. Groves*, 14 Colo. 540; *Freas et al. v. Engelbrecht et al.*, 3 Colo. 377; *Monti v. Bishop*, 3 Colo. 605, 607; *United States v. Pacheco*, 20 How. 261; *Roebuck v. Duprey*, 2 Ala. 352; *Johnson v. Polk County*, 24 Fla. 28; *State v. Finn*, 87 Mo. 310; *Sanders v. Moore*, 52 Ark. 376; *French v. Row*, 77 Hun, 380; 2 Tidd's Practice, 1137.

Some, if not all, of the foregoing authorities, unquestionably sustain the contention. In none of them, however, is there any extended discussion of the point involved in this hearing. The foregoing reference to Tidd's Practice, which is also cited in *Freas v. Engelbrecht, supra*, does not bear out the contention now made, for the declaration of the author is that a new writ of error is necessary and may be had after the non-pros. of a former writ, provided the record has not been already removed. It would seem that the contrary is true, and that a second writ will not lie after the removal of the record has been accomplished by operation of the first writ. The facts of this case show that the record was removed from the lower court before the second writ was ap-

plied for.   It may be remarked that the point decided in the *Freas* case was that, under our statute, the dismissal of an appeal in the supreme court is not equivalent to the affirmance of the judgment.   Whether a second writ of error is a matter of right in a criminal case was not involved, and the writer of the opinion merely made the reference there found to illustrate his argument.

In *Garr v. Paulmier*, 21 N. J. Law, 681, it was held that a cause having been removed from the circuit to the supreme court by writ of error, and subsequently dismissed for want of prosecution, plaintiff in error cannot have a second writ of error to the court of errors.   In *Welsh v. Brown*, 42 N. J. Law, 323, it is held that where a writ of error was dismissed for want of prosecution, plaintiff in error cannot sue out a second writ of error.   In the opinion of Depue, Justice, is a thorough discussion of the functions of a writ of error wherein it is said that it answers a twofold purpose, first, to remove the record from the inferior court, and, second, that it operates as a commission to the superior court to examine into the record, and to affirm or reverse, according to law.   It is there, also pointed out that, if the record was removed by the first writ of error, and the writ abated, or was dismissed, under the ancient practice a second writ of error was allowed, and it was called indifferently a writ of error *coram vobis* or *coram nobis*, but the allowance of such a writ was discretionary. See, also, 7 Ency. Pl. & Pr. 821, and notes.   The learned justice concludes that, under the modern practice, if the plaintiff in error has lost the benefit of the first writ by his own default, the court in exercising its discretion in allowing a second writ will be governed by considerations which would arise on an application to set aside a judgment of non-pros.   The conclusion was that the relief of the plaintiff in such case may well be left to be obtained on such a motion.

We think this is the better practice, and saves every substantial right of the defendant.   Indeed, such was the practice pursued by the plaintiff in error when he moved to reinstate the cause after it had been dismissed for his failure to

prosecute the first writ. In other words, section 1479, Mills' Ann. Stats. (Gen. Stats. 1883, sec. 972) which provides that, " Writs of error in all criminal cases not capital shall be considered as writs of right, and issue of course," gives to a defendant in all criminal cases not capital the absolute right to *a* writ of error. But this does not mean that he shall have as many writs as he may apply for, and until the judgment is either reversed or affirmed. Where the writ abates or is dismissed because of his default, it is within the discretion of the court to allow the cause to be reinstated on motion, but the absolute right to a new writ does not exist.

In *Hartop v. Holt*, 1 Salk. 262, Holt, C. J., said: " If a plaintiff in error be nonsuit, he shall not have a writ of error again." This statement, too, was made in a civil case, where it is said that the writ is one of right.

In *Birch v. Triste*, 8 East, 412, Lord Ellenborough quotes with approval this statement. But this declaration of Lord Holt was said by the supreme court of Pennsylvania in *Power v. Frick*, 2 Grant's Cases, 306, to be merely *dictum*. In *Welsh v. Brown, supra*, the supreme court of New Jersey thought otherwise—in which we concur—and referring to *Hartop v. Holt*, remarked that Holt, C. J., states it " as settled practice, that if the plaintiff in error be non-prossed, he shall not have his writ of error again." But whatever may have been the rule at common law, we are satisfied that, under our statute, it was the intention of the general assembly to give in a criminal case not capital only one writ of error as an absolute right.

It should be borne in mind that at the common law a writ of error in treason and felony was by favor only, and that in misdemeanors it was allowed as of right only upon probable cause shown. As expressed by Mr. Bishop:

" In England a writ of error * * * can in no criminal case be obtained except on permission from the crown, expressed, when to be heard before one of the ordinary courts, by the fiat of the attorney general; or, when before the House of Lords, by that of the secretary of state, perhaps with the

attorney general's concurrence. Yet it is deemed that, in misdemeanor, the party is entitled to the fiat as of right, on probable cause appearing, not otherwise." 1 Bishop's Criminal Procedure, § 1362.

In *Haines v. The People*, 97 Ill. 161, it was held that, at common law, a writ of error lies as a matter of right, in all cases, either civil or criminal, except in treason and felony, and it was further held that such is the doctrine in Illinois, except so far as it had been modified by statutory or constitutional enactment.

In this jurisdiction it has been held that, save as to judgments of county courts, the writ of error has received no express constitutional recognition for ordinary appellate purposes; and that, with the exception named, it was the constitutional purpose to leave the existence and use of the writ subject exclusively to legislative control. *People v. Richmond*, 16 Colo. 274, 283. See, also, 4 Blackstone's Comm. (Cooley's 3d ed.), *392, and 7 Enc. of Pl. & Pr. 826, 827, 884.

At the common law in England the crime of which the defendant was convicted was a felony, and he would not, under that system, be entitled as a matter of right, even to a first writ of error, much less to a second. Our statute not limiting the time within which a writ of error in criminal cases not capital should issue, there is no halfway ground between holding that the defendant in such cases is entitled as of course to one writ only, or to any number of writs he may apply for, until the judgment of conviction is either reversed or affirmed.

In the conflict of authorities we feel at liberty to establish as the practice to be observed in this jurisdiction in criminal cases that which commends itself to us as the more reasonable, and which we believe it was the intention of the legislature to provide, and that is, that one convicted of a crime, less than capital, may have as of course but one writ of error. The application for the writ will, therefore, be denied.

*Application denied.*