ALPHONSINE WARREN, Plaintiff in Error, v. BADGER LEAD AND ZINC COMPANY.

Division Two, February 17, 1914.

WRIT OF ERROR: After Judgment on Demurrer: Motion in Arrest. Where a demurrer was sustained to plaintiff's petition and final judgment rendered against her upon her refusal to plead further, and thereafter she filed a motion in arrest, which was overruled, a writ of error must be brought within one year after the rendering of the judgment. The writ cannot be brought after that time although it be within a year after the overruling of the motion in arrest, for in such a case a motion in arrest serves no useful purpose—in fact, its use is bad practice.

Error to Greene Circuit Court.—*Hon. James T. Neville,* Judge.

WRIT DISMISSED.

*Matthew H. Galt* and *Frank B. Williams* for plaintiff in error.

Defendant in error is guilty of laches. Its motion should have been filed before plaintiff in error had gone to the expense of abstract and brief. Gaar-Scott v. Nelson, 166 Mo. App. 51. Our contention is that there was no final judgment until April 13, 1909, when

the motion in arrest was overruled. State ex rel. v. Ryan, 115 Mo. App. 421. The whole matter rested within the breast of the court until the motion in arrest was determined. Thomas v. Thomas, 64 Mo. 353; Riddlesbarger v. McDaniel, 38 Mo. 138; Mill Co. v. Sugg, 142 Mo. 358; McGurry v. Wall, 122 Mo. 619; State ex rel. v. Smith, 104 Mo. 419; Lane v. Kingsbury, 11 Mo. 402; Brewing Co. v. Elhardt, 139 Mo. App. 129; Bank v. Ellis, 162 Mo. App. 395; Warren v. Railroad, 122 Mo. App. 254; Walter v. Scoffield, 167 Mo. 545. During the term, the court can modify or set aside its judgments on its own motion. Rottmann v. Schmucker, 94 Mo. 139. Judge GOODE in State v. Howard, 128 Mo. App. 488, defines the purpose of a motion in arrest, as follows: "The purpose of a motion in arrest is not to call attention to exceptions which became a part of the record by filing a bill of them, but to direct attention to errors and imperfections apparent in the record proper." Citing State v. Larew, 191 Mo. 196. As the imperfections in the record proper appear on the record proper, it would avail nothing in this case to preserve in a bill of exceptions, exceptions to the court's ruling on the motion in arrest. Defendant in error argues that the only purpose and object of a motion in arrest or for a new trial is to lay the foundation for a bill of exceptions. This is a broad statement. It has been within our experience that a new trial has been granted on motion and judgments have been arrested, modified and set aside. The trial court should have an opportunity to correct its own errors. This is fundamental and needs no citation of authorities. Defendant in error contends that it was unnecessary for plaintiff to file a motion in arrest, as she could have come up directly from or against the judgment of the court, sustaining the demurrer. Be that as it may the fact that the motion in arrest was filed prevents the judgment from becoming final until the motion in arrest is disposed of.

*E. J. White* and *Mann, Todd & Mann* for defendant in error.

The judgment of the circuit court having been rendered on February 17, 1909, the writ of error not having been sued out until April 2, 1910, was of course more than one year after the judgment. To sustain plaintiff in error in her position that the writ of error was sued out within one year she is doubtless relying upon the fact that she filed in the circuit court a motion in arrest and that the motion in arrest was not overruled until April 13, 1909, and she is doubtless counting April 13, 1909, as the date upon which the judgment was rendered in the circuit court. In this, however, she is in error, for the reason that a motion in arrest of the judgment has no function to perform and is absolutely useless as a means of obtaining the decision of the appellate court to review the ruling of the circuit court upon a demurrer to a petition. The petition, the demurrer, the ruling of the court thereon, and the judgment are all matters of record, and it has been frequently held that a motion in arrest performs no function in preserving for ruling by the appellate court the action of the trial court on a demurrer, and under the circumstances of this case is a mere lifeless thing. Spears v. Bond, 79 Mo. 467; Thorp v. Miller, 137 Mo. 239; Benton County v. Morgan, 163 Mo. 661; Newton v. Newton, 162 Mo. 173; McKenzie v. Donnell, 151 Mo. 448; Tarkio v. Clark, 186 Mo. 293; Houtz v. Hellman, 228 Mo. 663; Bateson v. Clark, 37 Mo. 31; Frowein v. Poage, 231 Mo. 91. But if plaintiff in error contends that in order to have the action of the circuit court upon a demurrer to a petition reviewed by the appellate court, a motion in arrest is a requisite, then in this case she is not in position to have that action reviewed for the reason that to keep life in a motion in arrest so that it can be presented to the appellate court, an exception must be saved to the overruling of the same and it must needs be preserved

in a bill of exceptions signed by the trial judge and filed in the trial court. This was not done in this case, and therefore for that reason the motion in arrest is not before this court. The abstract of the record of plaintiff in error is absolutely silent on the filing of this bill of exceptions, and must in truth and in fact be so for the reason that none was ever settled, signed or filed. However, to keep a motion in arrest alive it must have found a lodgment in the bill of exceptions together with the exceptions to the action of the court in overruling the same. Tarkio v. Clark, 186 Mo. 293; Angel v. Portageville, 168 Mo. App. 21; Bank v. Bank, 169 Mo. 76.

WILLIAMS, C.—Plaintiff instituted suit in the circuit court of Greene county, Missouri, to recover damages for the death of her husband, which occurred while working in defendant's lead and zinc mines, and is alleged to have been caused by defendant's negligence.

During the January, 1909, term of said circuit court and on January 16, 1909, the court sustained defendant's general demurrer to plaintiff's amended petition, and later during said term, on February 17, 1909, the plaintiff declining to plead further the court rendered final judgment for the defendant. On February 22, and during said January term, plaintiff filed a motion in arrest of judgment, challenging the correctness of the court's ruling on said demurrer. Later, during said January term, to-wit, on April 13, 1909, said motion in arrest of judgment was overruled and on said day plaintiff was granted an appeal to this court. On April 2, 1910, plaintiff dismissed said appeal and thereafter on the same date sued out a writ of error. Defendant in error has filed a motion to dismiss the writ of error on the ground that it was not brought within one year from the date of the rendition of the judgment. The view that we take of the matter

renders it unnecessary to set out further the matters concerning the merits of the controversy below.

## OPINION.

**Writs of Error: After Judgment on Demurrer: Motion in Arrest.** It appears from the foregoing statement that the writ of error was brought more than one year after the final judgment was entered in the case but within one year from the date of the overruling of the motion in arrest of judgment.

Section 2054, Revised Statutes 1909, declares that "writs of error upon any *final judgment or decision,*" etc., "are writs of right," and provides that they "shall issue of course out of the Supreme Court and courts of appeals in vacation as well as in term, *subject to the regulations prescribed by law.*" Section 2056, Revised Statutes 1909, provides that the writ of error "shall be brought within one year after the *rendering of such judgment or decision, and not thereafter,*" unless certain disabilities exist which are not here involved.

The question to be here determined is, when did the one-year Statute of Limitations begin to run? If it began to run on February 17, 1909, the date the judgment was entered, as contended by defendant in error, then the writ of error was brought too late. If, on the other hand, the one year limitation began to run April 12, 1909, the date the motion in arrest was overruled, as claimed by plaintiff in error, then the writ of error was sued out in time.

Plaintiff in error insists that the judgment was not finally rendered for the purposes of appellate review until the motion in arrest was overruled and for leading authority therefor relies upon the case of Walter v. Scofield, 167 Mo. 537, which holds that the date of the overruling of the motion for a new trial is the date the above Statute of Limitations begins to run.

Defendant in error insists that in the present case the
motion in arrest performed no necessary or useful
function for the purpose of a review by appeal or writ
of error, and therefore should not be permitted to. af-
fect the date of the rendition of the final judgment.
Plaintiff in error, replying to this, admits that the
filing of the motion in arrest in the case at bar was
not necessary in order to have this court review the
trial court's action in sustaining said demurrer but
insists that so long as the motion in arrest was pend-
ing the "whole matter rested within the breast of the
court," and during said time the judgment might be
"arrested, modified or set aside." For that reason
it is urged that the judgment was not final, for the pur-
poses of appellate review, until the motion in arrest
was overruled. It will be noticed from the statement
of facts the motion in arrest was, in fact, overruled
at the same term at which the judgment was entered.
If the logic of plaintiff in this regard be correct, then,
with equal security, it could be said that the judgment
would not be a final judgment for the purposes of ap-
pellate review until after the end of the term at which
it was rendered, for the reason that during said. term
the judgment remains, so to speak, "in the breast. of
the court," and during the term can be set aside of
the court's own motion or initiative. [Rottmann v.
Schmucker, 94 Mo. 139.] This line of argument leads
to an absurdity, for if the judgment was not final un-
til the term of court had ended, then an appeal from
a final judgment (which must be taken at the term the
judgment is rendered) could never be taken. From
this *reductio ad absurdum* it follows that the fact that
the judgment in the trial court has not passed the
period within which it *might* be set aside by action of
the trial court is not a true or sufficient test in deter-
mining whether the judgment is finally rendered for
the purposes of appellate review.

In the case of Walter v. Scofield, supra, it appears that the motion for new trial was not only a proper motion in said case but was also a necessary motion to build the case below for appellate review. If the motion in arrest of judgment, in the present case, filled a like office it should no doubt produce the same effect, e. g., affect the date of the rendition of the final judgment for the purposes of appellate review.

In determining the force and effect of the motion in arrest in the present case, it does not become necessary to discuss at length the general tendency of the offices of a motion in arrest to become obscure, and the apparent lack of necessity of such a motion, in most instances at least, for the purposes of appellate review. That subject is discussed in the case of Stid v. Railroad, 211 Mo. 411. In passing, however, it might be said that the apparent general disuse into which a motion in arrest (in civil cases at least) has fallen, has been, no doubt, greatly influenced and largely brought about by the interpretation which has been placed upon section 2083, Revised Statutes 1909 (first enacted in 1822), providing that the Supreme Court and courts of appeal ''shall examine the record and award a new trial, reverse or affirm the judgment or decision of the circuit court, or give such judgment as such court ought to have given, as to them shall seem agreeable to law,'' and upon section 2081, Revised Statutes 1909 (first enacted in 1808), providing in substance that no exceptions shall be reviewed in the appellate court ''except such as shall have been expressly decided by such court.'' [Bateson v. Clark, 37 Mo. 31.] In interpreting these two statutes, it has been held that a distinction exists between errors appearing upon the record proper and those appearing from the other proceedings at the trial, in that errors arising from the record proper are reviewed upon appeal though no exception is saved to the trial court's ruling thereon,

but that errors arising from proceedings at the trial other than that shown by record proper must be brought to the trial court's attention by motion for new trial and exception saved to the overruling of same. And since the primary function of the motion in arrest was to raise error appearing upon the face of the record proper (McCarty v. O'Bryan, 137 Mo. 584), it becomes apparent that under such circumstances and perhaps under most circumstances the motion in arrest has become unessential for the purpose of appellate review in civil cases. This result has, no doubt, to some extent been influenced also by the provisions of section 1804, Revised Statutes 1909 (first enacted in 1849), providing that certain objections to the petition (except as to the court's jurisdiction over the subject-matter and that the petition does not state facts sufficient to constitute a cause of action) shall be deemed to have been waived unless raised by demurrer or answer. Whether this situation also applies to the practice in criminal cases, notwithstanding section 5286, Revised Statutes 1909, need not be here discussed.

But in deciding the point here involved, our conclusion shall be controlled, solely, by the force and effect of the motion in arrest in the manner in which it is attempted to be used, under the situation developed in the present case.

It is a well-settled rule that the ruling of the trial court upon a demurrer to the petition is a matter that appears upon the face of the record proper, and no exception need be saved in the trial court to command an appellate review of the court's action thereon. [Spears v. Bond, 79 Mo. 467; Diener v. Publishing Co., 230 Mo. 613.] It need not be raised in the trial court by motion in arrest. [Thorp v. Miller, 137 Mo. 231, l. c. 239.]

A motion in arrest is of common law origin (5 Am. & Eng. Ency. Law, 502), and its use in civil cases in this State, there being no statutory enactment changing, enlarging or defining its scope and purpose in civil cases, is necessarily no greater than was its use and function in the practice at common law. [R. S. 1909, sec. 8047.]   Referring to the practice at common law we find that the filing of a motion in arrest of judgment was not only not necessary in order to raise the error committed by the court in ruling on a demurrer but in fact such practice was not permissible. The trial court would not entertain a motion in arrest to review its solemn decision on the question of law involved in passing upon a demurrer.   [2 Tidd's Practice, 918.]   In the early case of Freeman v. Camden, 7 Mo. 298, Scott, J., writing on this subject said: "After the court has deliberately expressed its judgment upon demurrer the same matter is never allowed to be urged in arrest of judgment."

In the case of Spears v. Bond, 79 Mo. 467, in discussing the practice to be followed when a demurrer is sustained to the petition, it was said: "If plaintiff declined to amend but elected to stand on his petition then *final judgment* should have gone from which an appeal could have been taken.   But there was no manner of necessity for a bill of exceptions in order to preserve the demurrer as it is a part of the record and 'would keep' without resort to any such preservatory processes."   (Italics ours.)

If then, the motion in arrest not only did not perform a necessary or useful function in the case at bar for the purpose of an appellate review but in fact performed no office in the trial court and the filing of the same for the purposes sought was improper and not recognized as the proper practice, it should not be said that it had the effect of delaying the date of the final judgment already entered and thereby be given the

power to toll the one-year Statute of Limitations within which time the writ of error must be brought.

It follows, therefore, that the writ of error was brought more than one year after the rendition of the final judgment in the cause and the motion to dismiss the writ of error should be sustained.

It is so ordered. *Roy, C.,* concurs.

PER CURIAM.—The foregoing opinion of WIL-LIAMS, C., is adopted as the opinion of the court. *Walker, P. J.,* and *Brown, J.,* concur; *Faris, J.,* dissents.