C. M. WHEAT, DEFENDANT IN ERROR, v. GLOBE INDEMNITY COMPANY, PLAINTIFF IN ERROR.—44 S. W. (2d) 168.

Kansas City Court of Appeals.   December 7, 1931.

*William B. Raez* for defendant in error.

*Stringfellow & Garvey* for plaintiff in error.

CAMPBELL, C.—On December 30, 1929, the circuit court of Buchanan county rendered judgment affirming an award of the Missouri Workmen's Compensation Commission in favor of defendant in error and against plaintiff in error. On December 31, 1929, plaintiff in error filed motion for new trial and motion in arrest of judgment.

It is recited in the record that on February 21, 1931, plaintiff in error dismissed its appeal from the aforesaid judgment for the purpose of suing out writ of error. That writ was issued on March 2, 1931. It is thus evident the writ of error was not issued within one year after the rendition of the judgment, but was issued within one year after the time when the motion for new trial and the motion in arrest of judgment were overruled.

Defendant in error has filed motion to dismiss the writ of error based upon the theory that a judgment awarded under the provisions of the Workmen's Compensation Law cannot be reviewed upon writ of error, and that the writ of error was not issued within one year after the rendition of the judgment.

Section 3342, Revised Statutes 1929, provides that appeals from circuit courts shall be allowed the "same as in civil actions and all appeals to the circuit and appellate courts shall have precedence over all other cases except election contests." But there is no provision in the act that a judgment rendered thereunder may be reviewed on writ of error.

In the case of Birmingham Drainage District v. Chicago, Burlington & Quincy Railroad Company, 202 S. W. 404, 274 Mo. 140, it is held that in a proceeding for the incorporation of a drainage district, judgment rendered therein would not be reviewed upon writ of error, though limited appeal was provided by the act.

Considering the purpose sought to be accomplished by the Workmen's Compensation Law, it is evident that it was not the intention of the Legislature to allow judgment rendered thereunder to be reviewed upon writ of error. The act evidences a legislative intent that proceedings thereunder shall be speedily determined. To hold that a writ of error will lie, would be to defeat that purpose. Appeals to this court have precedence over all other cases except election contests.

The suing out of a writ of error is the commencement of a new action. [Macklin v. Allenberg, 13 S. W. 350, 100 Mo. 337.]

Such "new action" would not "have precedence over all other cases" but would be governed by the general code.

Even though the judgment could be reviewed upon writ of error, nevertheless the motion to dismiss the writ should be sustained. It was not sued out within one year after the rendition of the judgment. The motion for new trial and the motion in arrest of judgment performed no function. [State ex rel. v. Haid et al., 38 S. W. (2d) 44.]

It was unnecessary for a review of the judgment that motion for new trial or motion in arrest were filed. The filing of such motions did not "toll the one-year Statute of Limitations, within which time the writ of error must be brought." [Warren v. Lead & Zinc Company, 164 S. W. 206, 255 Mo. 139.]

The writ of error is dismissed. The Commissioner so recommends. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The writ of error is dismissed. All concur.