JOHN DIETER, Respondent, v. PETER ZBAREN, Appellant.

**St. Louis Court of Appeals, November 28, 1899.**

1. **Action for Damages: NEGLIGENCE: PETITION SUFFICIENT.** In an action based on negligence, a petition that describes the act complained of with sufficient clearness to advise the defendant of the charge he is to meet, and then avers generally that such acts were negligently done, is sufficient.

2. ———:———: DRIVER'S NEGLIGENCE FOR THE JURY. Although the party injured in crossing the street failed to exercise ordinary care and prudence for his own safety, yet it was proper to leave to the jury the question whether, if the driver had been watchful, he could have discovered the peril to which plaintiff was exposed in time to have avoided the injury.

3. ———: ———: ———: INSTRUCTION ERRONEOUS. The defendant was liable if the driver saw, or, by the exercise of ordinary care or watchfulness, could have seen the danger to which the plaintiff was exposed in time to have avoided the danger.

Appeal from the St. Louis City Circuit Court.—*Hon. Selden P. Spencer*, Judge.

AFFIRMED.

*A. Gfeller* for appellant.

(1) The trial court erred in overruling appellant's objection to the introduction of any evidence, on the ground that plaintiff's petition does not state facts sufficient to constitute a cause of action; for there can be no recovery upon a general allegation of negligence which gives no notice of facts. Benham v. Taylor, 66 Mo. App. 311; Troth v. Norcross, 111 Mo. 630; R. S. 1889, sec. 2039. (2) The trial court erred in refusing appellant's instruction in the nature of a demurrer to the evidence at the end of repondent's case. Cohn v. City of Kansas, 108 Mo. 394; Lenox v. Railroad, 76 Mo. 86; Hudson v. Railroad, 123 Mo. 445; Suidlinger v. Kansas City, 126 Mo. 315; Kelsay v. Railroad, 129 Mo. 362. (3) The trial court erred in giving the first and second instructions asked for by respondent, and which are really one only. Goodwin v. Railroad, 75 Mo. 73; Porter v. Harrison, 52 Mo. 524.

*John J. O'Connor* for respondent.

(1) One driving a vehicle through the crowded streets of a city is under the duty of constant watchfulness to avoid collision with persons and others vehicles lawfully on the streets. This rule was not observed by defendant's servant who was running a race with another vehicle. Gulick v. Clark, 51 Mo. App. 26; Sandifer v. Lynn, 52 Mo. App. 559;

Urquhart v. Boutell, 15 Mo. App. 592; Kreis v. Railroad, 131 Mo. 533. (2) A petition objected to for the first time at the trial will be upheld if it states a cause of action, even in general terms, although it might with propriety have been adjudged insufficient on demurrer. Foster v. Railway, 115 Mo. 177; Benham v. Taylor, 66 Mo. App. 311; Young v. Iron Co., 103 Mo. 327.

BIGGS, J.—While the plaintiff was crossing Franklin avenue in the city of St. Louis at a point about fifty feet east of the intersection of the avenue with Eighteenth street, he was knocked down and severely injured by a horse that was being driven to a wagon by one of the servants of the defendant. The present action is to recover damages for the injuries received. The answer is a general denial, and it also contains a plea of contributory negligence. The jury returned a verdict for two hundred and fifty dollars, upon which judgment was entered. After an unsuccessful attempt to obtain a new trial the defendant appealed the case.

The petition, after stating that the plaintiff was struck and run over by the horse and describing plaintiff's injuries therefrom, averred generally, that the accident occurred by reason of the negligence of the defendant's servant in managing and driving the horse, without specifying the manner in which the horse was driven. At the beginning of the trial the defendant objected to the introduction of evidence, on the ground that the petition failed to state a cause of action. In an action based on negligence a petition that describes the act complained of with reasonable certainty, that is with sufficient clearness to advise the defendant of the charge he is to meet, and then avers generally that such acts were negligently done, is sufficient. Jacquin v. Railroad, 57 Mo. App. 320; Hill v. Railroad, 49 Mo. App. 520; Wills v. Railroad, 44 Mo. App. 51. We are of the opinion that the petition in the case at bar meets this requirement. The gravamen of the action

was the alleged negligent driving and management of the horse.

At the conclusion of plaintiff's evidence and of all the evidence the defendant asked instructions in the nature of a demurrer to the evidence, which the circuit court rightly declined to give. While the plaintiff's testimony conclusively shows that in crossing the street he failed to exercise ordinary care or prudence for his own safety, yet the evidence leaves a just ground for the inference that if the driver of the wagon had been watchful he could have discovered the peril to which the plaintiff was exposed in time to have stopped the horse, and thus have avoided the injury. This principle is firmly inbedded in the jurisprudence of the state. It is unnecessary to cite the cases. Therefore the circuit court did right in submitting that question of fact to the jury. The plaintiff's recollection of the circumstances under which he was hurt is very vague. He says that he did not see the horse, and did not know what struck him; that in crossing the street "he looked neither to the right nor left, but straight in front of him." An eye witness of the accident testified that the plaintiff crossed about seven feet in front of a wagon belonging to an electric light company which was being driven west, and that at the time the defendant's wagon was to the right of the other wagon and about ten or twelve feet in its rear, and that both teams were driven at a rapid rate of speed, that the drivers seemed to be racing. If the testimony of this witness is true, then the inference is a reasonable one that the driver of the defendant's horse could, by the exercise of ordinary care, have seen the danger to which the plaintiff was exposed in time to have avoided the accident.

The defendant's second instruction, which the court refused, required the jury to find for defendant, unless the driver was "aware" of the peril to plaintiff in time to have checked or stopped the horse. This is not the true rule. The

defendant was liable if the driver saw, or by the exercise of ordinary care or watchfulness, could have seen, the danger to which the plaintiff was exposed in time to have avoided the injury.

The defendant's fourth instruction was too general, and was, therefore, properly refused.

In the fifth instruction the defendant asked the court to define the word negligence. As the court had correctly defined the word in an instruction of its own, there was no error in refusing the one asked by defendant.

With the concurrence of the other judges, the judgment of the circuit court is affirmed. It is so ordered.