## THE STATE ex rel. AMERICAN PACKING COMPANY v. GEORGE D. REYNOLDS et al., Judges of St. Louis Court of Appeals.

### In Banc, April 30, 1921.

1. **CERTIORARI TO COURT OF APPEALS: Conflict of Opinions: Negligence: Pleading Generally: Res Ipsa Loquitur. Evidence of Specific Negligence.** The petition in a suit by a servant against his master, relator herein, for damages caused by the servant's hand being caught in a sausage-making and meat-chopping machine, after describing the machine and the manner of operating it and of starting and stopping it, alleged that "said machine by reason of the negligence of the defendants was suddenly and without warning or notice to the plaintiff started and caused to revolve, and the wheels and cylinder and crusher and knives thereof to revolve and turn, whereby the plaintiff's right hand and thumb and fingers thereof were caught in said machine." Relator's motion to make more definite and certain and its demurrer, having been successively overruled and no exceptions saved, it filed answer and went to trial. On the trial, it objected to any evidence because the petition did not state a cause of action, which objection was overruled. In the Court of Appeals this objection was renewed on the ground that the petition was intended to be based upon the doctrine of *res ipsa loquitur* and lacked averments essential thereto. The Court of Appeals decided that, inasmuch as on the trial, the case, by proof and instructions was submitted to the jury upon specific negligence within the allegations of the petition, the rule *res ipsa loquitur* was entirely removed from the case. *Held*, that this decision does not conflict with the prior rulings of the Supreme Court.

2. ————: ————: ————: ————: **Failure to State Cause of Action: Objection at Trial.** Where a motion of make the petition more definite and certain is overruled and no exception saved and a demurrer to the petition is overruled and thereafter an answer is filed and the case goes to trial, a general objection by defendant to any evidence on the ground that the petition does not state a cause of action, must be treated as if such motion and demurrer had never been filed; and in such case the petition will be regarded as sufficient after judgment, if, after allowing all reasonable implications and intendments in its favor, there is a sufficient statement to apprise defendant with reasonable certainty

of the character of the action and the issues to be met. The Court of Appeals having so decided, its decision is not in conflict with previous rulings of the Supreme Court.

3. ————: ————: **Error of Court of Appeals in Applying Law to Facts.** On *certiorari* to review a decision of a Court of Appeals alleged to be in conflict with a previous ruling of the Supreme Court it is not for the latter court to determine whether the former erred in its application of the rules of law to the facts in the record, but only whether in announcing the law of the case upon the facts as stated in its opinion the Court of Appeals failed to follow the last previous ruling of the Supreme Court.

4. ————: ————: **Two or More Courts of Appeals.** On *certiorari* to review a decision by a court of appeals, the Supreme Court is not concerned with any conflict which may exist between opinions of any of the courts of appeals; but is only to determine whether the opinion in the case under review conflicts with a controlling decision of the Supreme Court.

## *Certiorari.*

WRIT QUASHED.

*Anderson, Gilbert & Hayden* and *M. N. Hayden* for relator.

(1) The St. Louis Court of Appeals affirmed the judgment of the trial court. Considering the errors assigned by relator in that court, the necessary effect of its decision is that it held the converse of all of the propositions outlined in the six points which follow, while it expressly decided against relator in respect to the first four points. (2) The petition in this case wholly failed to state facts sufficient to constitute a cause of action. The case involves the relationship of master and servant. In order for a recovery to be sustained upon the theory of *res ipsa loquitur,* it is essential that plaintiff's petition aver the following facts: (1) that the machine in question was under the sole control of relator; (2) that its plan of construction and method of operation, and especially the cause of its sudden starting, were facts peculiarly within the knowledge and control of relator; (3) that plaintiff possessed

neither the knowledge, nor the means of knowledge, of the cause of the sudden starting of the machine on the occasion of his injury; and (4) that there were no witnesses known to him by whom he could prove the cause of the sudden starting of the machine and no other means of proof of that fact within his knowledge. The petition must aver the foregoing facts or must contain other averments from which these facts may be reasonably inferred. Klebe v. Distilling Co., 207 Mo. 480; Removich v. Const. Co., 264 Mo. 43; Ash v. Printing Co., 199 S. W. 994; Byres v. Inv. Co., 219 S. W. 570. (3) If a petition in a case seeking recovery of damages for personal injuries sustained by a servant, wholly fails to state facts sufficient to constitute a cause of action, it is defective upon a general demurrer, to the overruling of which exceptions need not be saved, nor is the point waived by the filing of an answer thereafter. The question of the sufficiency of the petition as against a general demurrer may be raised at any time and in the court of appellate jurisdiction for the first time. R. S. 1909, secs. 1800 and 1804; Paddock v. Somes, 102 Mo. 235; Hoffman v. McCracken, 168 Mo. 343; Hudson v. Cahoon, 193 Mo. 557; White v. Railroad, 202 Mo. 561; Hanson v. Neal, 315 Mo. 277; Hubbard v. Slavens, 218 Mo. 621; Diener v. Publishing Co., 230 Mo. 619; Chandler v. Railroad, 251 Mo. 599; Hynds v. Hynds, 253 Mo. 20; Warren v. Lead & Zinc Co., 255 Mo. 145; Carpenter v. St. Joseph, 263 Mo. 711. (4) If the petition in this case wholly fails to state facts sufficient to constitute a cause of action it is permissible and proper to object to the introduction of any testimony, and in this case we submit that relator's objection to the introduction of any testimony, for the reason assigned, should have been sustained. Haseltine v. Smith, 151 Mo. 404; Ice Co. v. Kuhlmann, 238 Mo. 685; Thompson v. Lyons, 220 S. W. 942. (5) If, as the St. Louis Court of Appeals holds, the plaintiff may bring his suit upon the theory *res ipsa loquitur* and upon the trial, over the objection of the defendant, offer evidence tending to establish

the specific cause of the sudden starting of the machine, and may recover under such circumstances, then a plaintiff may bring his suit upon one theory and recover upon another and different theory. That is not the law as declared in numerous cases by this court. Chitty v. Ry. Co., 148 Mo. 64; Real Estate Co. v. Realty Co., 159 Mo. 567; Von Trebra v. Gaslight Co., 209 Mo. 661. (6) The admission over the objection of relator, of testimony tending to prove specific negligence, was reversible error. Gibler v. Ry. Co., 148 Mo. App. 475; McAnany v. Shipley, 189 Mo. App. 396; Roscoe v. Ry. Co., 202 Mo. 576; Price v. Ry. Co., 220 Mo. 345. (7) Instruction No. 1 given by the court to the jury at the instance of the injured plaintiff was erroneous in that it purported to cover the plaintiff's case and to submit his theory of liability, and in doing so submitted the specific negligence which the evidence, admitted over the objection of the defendant, tended to establish. It submitted issues nowhere pleaded nor referred to in the petition, and it was therefore reversible error to give it. Degonia v. Railroad Co., 224 Mo. 564; Scrivener v. Railroad Co., 260 Mo. 421; Young v. Dunlap, 195 Mo. App. 119; McGinnes v. Railroad Co., 195 Mo. App. 390; Gunn v. Ry. Co., 270 Mo. 517; Traw v. Heydt, 216 S. W. 1009; Latham v. Harvey, 218 S. W. 401; State ex rel. Coal Co. v. Ellison, 270 Mo. 645; State ex rel. Long v. Ellison, 272 Mo. 571.

*Fred C. Steltemeier, Christian F. Schneider* and *Charles E. Morrow* for respondents.

(1) The petition in this case contains an assignment of general negligence and is not subject to general demurrer. The defendant has not preserved its motion to make the same more definite and certain by bill of exceptions and saved no exceptions to the overruling of it and regardless of all other questions, the petition is good, for a general assignment of negligence is sufficient under the rule in Missouri. Conrad v. De Montcourt, 138 Mo. 311; Frankel v. Hudson, 271 Mo. 504; Gurley v. Railroad, 93 Mo. 445; Mack v. Railroad, 77 Mo. 232; Lemay v. Railroad, 105 Mo.

370; Sullivan v. Railroad, 97 Mo. 113.    Following these Missouri decisions, the Courts of Appeal have often so decided.    Dieter v. Zbaren, 81 Mo. App. 614; Jacquin v. Railroad, 57 Mo. App. 320; Hill v. Railroad, 49 Mo. App. 520; Wills v. Railroad, 44 Mo. App. 51; Quinley v. Traction Co., 180 Mo. App. 299; Wyler v. Ratican, 150 Mo. App. 478. (2) Under a plea of general negligence the proof of any negligence which causes the injury is permissible and the particular acts relied upon may be shown.    Frankel v. Hudson, 271 Mo. 504; Price v. Street Ry. Co., 220 Mo. 435; Dickson v. Railroad, 104 Mo. 491; Fleming v.Railroad, 263 Mo. 188.    Following these decisions of this court, the Courts of Appeal have often so held.  Wolven v. Traction Co., 143 Mo. App. 645; Lauff v. Carpet Co., 186 Mo. App. 135; Feldewerth v. Railroad, 181 Mo. App. 640; Lafever v. Pryor, 218 S. W. 970; Fisher v. Golladay, 38 Mo. App. 538; James v. Mott, 215 S. W. 913.   (3)  The doctrine if *res ipsa loquitur* applies to the facts of this case and for that reason a plea of general negligence is proper.  Blanton v. Dold, 109 Mo. 64; Ash v. Printing Co., 199 S. W. 994; Price v. Street Ry. Co., 220 Mo. 435; Myers v. Independence, 189 S. W. 816.   (4) By answering, defendant waived its motion to make the petition more definite and certain and waived all objections except that the court has no jurisdiction of the subject-matter of the action and that the petition does not state facts sufficient to constitute a cause of action. R. S. 1909, sec. 1804; Ashton v. Pennfield, 233 Mo. 417; Ware v. Johnson, 55 Mo. 500; Spillane v. Railroad, 111 Mo. 555; Titus v. Development Co., 264 Mo. 240. (5) On *certiorari* the only questions which may be presented to this court are whether or not the opinion of the Court of Appeals is contrary to the last rulings of this court upon a question of law.   State ex rel. Const. Co. v. Reynolds, 214 S. W. 369; State ex rel. Peters v. Reynolds, 214 S. W. 121.

ELDER, J.—*Certiorari* to quash judgment of the St. Louis Court of Appeals.

Relator seeks by writ of *certiorari* to quash a judgment entered by the St. Louis Court of Appeals affirming a judg-

ment of the Circuit Court of the City of St. Louis, in a case in which one Jacob Heckfuss was respondent, and the American Packing Company (relator herein, was appellant, reported in 224 S. W. 99, for the alleged reason that said Court of Appeals failed to follow the last previous ruling of this court, as required by the Constitution of this state.

Statement.

The opinion of the Court of Appeals outlines the petition in the case, and the negligence charged therein, as follows:

"The petition alleges that plaintiff was a laborer in the employ of defendant at its plant and factory in the City of St. Louis; that defendant in operating its business at said plant used a machine consisting of a hopper, cylinder, crusher and knives in making sausage and chopping meat; that this machine was operated by power, transmitted to it by belts and pulleys; that he was ordered and directed by defendant to clean said machine or grinder, and at the time said machine was stopped and not in motion. The negligence of defendant is charged in the following language: ' . . . The said machine by reason of the negligence of the defendants was suddenly and without warning or notice to the plaintiff started and caused to revolve, and the wheels and cylinder and crusher and knives thereof to revolve and turn, whereby the plaintiff's right hand and thumb and fingers thereof were caught in said machine, . . .'"

The evidentiary facts of the case are thus set out in the opinion:

"Plaintiff was injured while cleaning one of these machines at defendant's establishment. It appears from the testimony that he had worked in a similar plant a number of years under the same foreman and boses he was working under at the time he was injured. He had gone to work at the plant where he was injured only a few days before the accident took place. The parties for which he had worked before this had taken over the property of the West End Packing and Provision Company, and the new company was known as the Amer-

ican Packing Company. Plaintiff had been working at this machine where he was injured only an hour or two before the accident happened. The machine consists of a funnel-shaped hopper, projecting up through the bottom of which are the knives, which cut the meat as they are revolved when attached to a shaft on which are fastened two pulleys. One is a loose pulley, the other a tight pulley. When it is desired to stop the machine the belt, by a very simple appliance, is shifted from the tight pulley to the loose pulley. The machine is then stopped, but as soon as the belt is shifted back to the tight pulley it starts the machine. After plaintiff had cleaned the machine and had started to replace the knives, the machinery started with a sudden jerk and stopped just as suddenly, but not until after plaintiff had received his injuries, which it is unnecessary to describe here, as there is no point made that the verdict is excessive. . . .

"The proof adduced shows that the loose pulley on the shaft, located directly by the side of the tight pulley, was too loose, causing the belt to shift over to and catch on to the tight pulley, suddenly starting the machine. This was shown by the testimony of several witnesses, including defendant's foreman, who investigated this particular machine, belt and pulleys, and observed the operation of the same immediately after the accident."

Prior to answering the relator filed a motion to make the petition more definite and certain, which was overruled. It then filed a demurrer, the ground of which was that the petition did not state facts sufficient to constitute a cause of action. This demurrer was likewise overruled. Relator, without having saved exceptions to either of such rulings, then filed an answer, the same being a general denial, with a plea of contributory negligence. At the beginning of the trial, relator objected to the introduction of any evidence for the reason that the petition did not state facts sufficient to constitute a cause of action.

Relator, in its petition for our writ, and in its brief, suggests various matters wherein the opinion of the Court of Appeals conflicts with controlling decisions of this court. These, with the particulars pertinent thereto, we shall treat of in the course of the opinion.

I. Relator contends that the petition did not state facts sufficient to constitute a cause of action in that the allegation of negligence contained in the petition "was intended as one bringing the case within the doctrine *res ipsa loquitur*," upon which theory it was essential that the petition should have averred the following facts, or averments from which those facts might be reasonably inferred, to-wit:

"(1) That the machine in question was under the sole control of relator; (2) that its plan of construction and method of operation, and especially the cause of its sudden starting, were facts peculiarly within the knowledge and control of relator; (3) that plaintiff possessed neither the knowledge, nor the means of knowledge, of the cause of the sudden starting of the machine on the occasion of his injury; and (4) that there were no witnesses known to him by whom he could prove the cause of the sudden starting of the machine and no other means of proof of that fact within his knowledge;" and, no such averments appearing in the petition, that the ruling of the Court of Appeals is in conflict with the following controlling decisions of this court, viz: Klebe v. Distilling Co., 207 Mo. 480; Removich v. Construction Co., 264 Mo. 43; Ash v. Printing Co., 199 S. W. 994; Von Trebra v. Gaslight Co., 209 Mo. 648; Chouquette v. Railroad, 152 Mo. 257; Fisher & Co. v. Realty Co., 159 Mo. 562, and Byers v. Investment Co., 219 S. W. 570.

The opinion of the Court of Appeals bearing upon the foregoing contention is as follows:

"One of the principal points relied upon by appellant for reversal is that the petition attempted to aver facts bringing the case within the rule *res ipsa loquitur*, but plaintiff proved facts to which that rule cannot be

applied to sustain a recovery, and that the petition did not state such facts as to bring the case within the rule. In our view of this case it is unnecessary to decide whether or not, under the allegations in this petition, the rule *res ipsa loquitur* would apply. Whatever may have been the situation at the time of filing this petition, when this case was submitted to the jury the rule *res ipsa loquitur* was entirely removed from the case by the proof and by the instructions.''

The case of Klebe v. Distilling Co., supra, was a suit wherein the plaintiff was injured, while removing whiskey barrels from an elevator, as the result of the breaking of a wire rope which sustained the elevator, thereby causing the same to fall. This division held, that under the evidence adduced, the rule of *res ipsa loquitur* did not apply. However, no question of pleading was there involved, and the case does not touch the matter in hand.

Removich v. Construction Co., supra, was a case in which plaintiff, who was engaged in digging a trench, was injured when a steel cable attached to a bucket used to hoist the earth broke, allowing the bucket to fall upon him. The circuit court sustained a motion to require plaintiff to make his petition more definite and certain. The plaintiff refused to do so, whereupon defendant filed a demurrer to the petition, which was sustained. From this order an appeal was taken. Division Two of this court held that as the petition stated nothing more than the fact that the steel cable broke and the bucket fell and plaintiff was hit and hurt, under the doctrine of *res ipsa loquitur* it did not state a cause of action of negligence on the part of the master. The allegations of fact in the charge of negligence in that case are in no way similar to the facts alleged in the case under review. Furthermore, in that case, after a motion to make the petition more definite and certain and a demurrer thereto had been sustained, the plaintiff refused to plead further and appealed. Here, after a motion to make more definite and certain and a demurrer had been overruled, without saving its exceptions

relator answered and went to trial. Accordingly, the Removich case cannot be said to constitute authority upon which to hold that a petition fails to state a cause of action, after a trial has been had and verdict rendered thereon.

In the case of Ash v. Printing Co., supra, the facts which relator contends should properly be pleaded were substantially set out in the petition and this division held that the same stated a good cause of action under the doctrine of *res ipsa loquitur*. However, that case did not hold that it was essential to plead the facts cited by relator. In passing upon the sufficiency of the petition the court was guided by the case of Blanton v. Dold, 109 Mo. 64, wherein it was held that the sudden starting of a machine, contrary to its usual manner of operation, afforded prima-facie evidence of some want of care in its original construction or then condition. This was but declaratory of the doctrine of *res ipsa loquitur*, a question which was not decided by the Court of Appeals in the case at bar.

It is apparent that neither of the foregoing cases contains any rulings opposed to the views of the Court of Appeals as set forth in the opinion herein. And neither does Chouquette v. Railroad Co., Von Trebra v. Gaslight Co., Fisher & Co. v. Realty Co., or Byers v. Investment Co., supra, in the remotest way support the theory that the opinion of the Court of Appeals conflicts with any ruling in those cases. The point made is somewhat devious and we rule it against relator.

II. Relator next contends that "if the petition in this case dose not state facts sufficient to constitute a cause of action, that point was not waived by relator, either by failing to save exceptions to the ruling of the trial court overruling the demurrer, or by thereafter filing an answer," and that the opinion of the Court of Appeals in that respect is in conflict with the following controlling decisions of this court, viz: Paddock v. Somes, 102 Mo. 226, l. c. 235; Hudson v. Cahoon, 193 Mo. 547, l. c. 557; White v. Railroad, 202 Mo. 539, l.

Conflict of
Opinions:
Correctness
of Decision
Not Issue.

c. 561; Hanson v. Neal, 215 Mo. 256, l. c. 277; Hubbard v. Slavens, 218 Mo. 598; Diener v. Publishing Co., 230 Mo. 613, l. c. 619; Chandler v. Railroad, 251 Mo. 592, l. c. 599; Hynds v. Hynds, 253 Mo. 20, 161 S. W. 812; Warren v. Lead & Zinc Co., 255 Mo. 138, l. c. 145, 164 S. W. 206; Carpenter v. St. Joseph, 263 Mo. 705, l. c. 711; 174 S. W. 53; Cole v. Parker-Washington Co., 276 Mo. 220, l. c. 266.

That portion of the opinion of the Court of Appeals. which is pertinent to this insistence is as follows:

"Defendant saved no exceptions to the action of the trial court in overruling its motion to make more definite and certain, nor to its demurrer to the petition. Therefore we must treat the petition, when its sufficiency is challenged, as if no demurrer had been filed, and it will be regarded sufficient after judgment, if, after allowing all reasonable implications and intendments in its favor, there appears to be a sufficient statement to apprise the defendant with reasonable certainty of the character of the action and the issues it must meet.

"It has been repeatedly held in this State that a petition which sets out the acts about which a plaintiff is complaining with reasonable certainty and clearness, followed by a general averment that the acts complained of were negligently done, is sufficient. [Dieter v. Zbaren, 81 Mo. App. 612; Wyler v. Ratican, 150 Mo. App. 474, 131 S. W. 155; Quinley v. Traction Co., 180 Mo. App. 287, 165 S. W. 346.]

"The charge of negligence in the petition is the sudden starting of the machinery without warning or notice. This negligence is charged generally, and this we think is sufficient after verdict. [White v. Railroad, 202 Mo. 539, 101 S. W. 14; Lafever v. Pryor, 218 S. W. 970.]"

Upon an examination of the above-mentioned decisions of this court we are unable to find wherein the ruling of the Court of Appeals comes in conflict therewith. While some thereof are entirely beside the question, the remainder only go to hold that if a defendant pleads to the merits, he waives everything in the petition

but two points: First—That the petition does not state facts sufficient to constitute a cause of action; Second— That the court has no jurisdiction over the subject-matter of the action. This is axiomatic. Relator, however, proceeds upon the theory that the petition here wholly fails o state facts sufficient to constitute a cause of action, which the Court of Appeals in its opinion found to the contrary. We are not to determine whether ·the view of the Court of Appeals is correct or incorrect, but only whether it conflicts with a controlling decision of this court. [State ex rel. Pelligreen Const. Co. v. Reynolds, 214 S. W. 369; State ex rel. Wahl v. Reynolds, 272 Mo. l. c. 596.] We rule the point against relator.

III. Relator insists that its objection to the introduction of any testimony should have been sustained, and that the opinion of the Court of Appeals bearing on that question is in conflict with Haseltine v. Smith, 151 Mo. 404; Ice Co. v. Kuhlmann, 238 Mo. 685, and Thompson v. Lyons, 281 Mo. 430, 220 S. W. 942.

**No Conflict.**

The opinion pertinent to this contention is as follows:

"Appellant objected to the introduction of any testimony for the reason that the petition did not state facts sufficient to constitute a cause of action, but we think the petition was good against an objection of this kind. [Thompson et al. v. Lyons, 281 Mo. 430, 220 S. W. 942.]"

Hazeltine v. Smith is not reported in 151 Missouri Report.

Ice Co. v. Kuhlmann, supra, if anything, is in harmony with the ruling of the Court of Appeals. It holds that: "An objection to the petition made after the trial has begun is tolerated, but not encouraged, because it smacks of ambush and of lying in wait, and therefore every reasonable intendment and fair implication will then be resolved in favor of the petition, and if it states a cause of action, though defectively, the objection will be overruled."

Thompson v. Lyons, supra, supports the ruling of the Court of Appeals. There, in an action for deceit in misrepresenting the purchase price of land purchased by plaintiffs and defendants jointly, the petition was held

sufficient as against objection to the introduction of any evidence. The point made is wholly without merit.

IV. Relator urges that when the Court of Appeals held "that the testimony admitted removed the case from the theory *res ipsa loquitur*," its decisions contravened the controlling decision of Fisher & Co. v. Realty Co., 159 Mo. 562, l. c. 567; Von Trebra v. Gaslight Co., 209 Mo. 648, l. c. 661, and Chitty v. Railway Co., 148 Mo. 64.

——: Variance: Waiver.

The opinion of the Court of Appeals upon this question is as follows:

"Plaintiff undertook to prove, and there was sufficient testimony to submit the question to the jury, as to whether or not the sudden starting of this machine was caused by the failure of the defendant to exercise ordinary care to remedy the same and discover the defects so as to have avoided the injury. When plaintiff assumed this burden to prove the exact and specific acts of negligence causing the injury, and the Court submitted the case to the jury upon the specific acts of negligence and instructed the jury that the burden was on plaintiff to prove all these facts by a preponderance of the evidence, then this case was taken entirely outside the rule *res ipsa loquitur* and such rule was no longer applicable in this case. Therefore, it is unnecessary to decide and also immaterial, as to whether or not the rule could have been invoked on the pleadings and upon plaintiff's merely proving the occurrence of the accident at the time and place, and under the circumstances alleged in the petition, without any proof as to specific acts of negligence."

The cases cited by relator merely hold that a plaintiff cannot plead one cause of action and recover upon another not pleaded. They also hold, however, as do a long line of decisions, that the variance is waived if not objected to in the manner required by statute. This requirement was not met by relator. Furthermore, as argued by counsel for respondents, it is not for this court to determine whether the St. Louis Court of Ap-

peals erred in its application of the rules of law to the facts in the record, "but only whether in announcing the law of the case upon the facts as stated in its opinion it failed to follow the last previous ruling of this court." [State ex rel. Peters v. Reynolds, 214 S. W. l. c. 122.] We rule the point against relator.

V. Relator further urges that the admission, over the objection of relator, of testimony tending to prove specific negligence, was reversible error. Price v. Railway Co., 220 Mo. 435, and Roscoe v. Railway Co., 202 Mo. 576, cited by relator, are authority to sustain respondents. We are further cited to a decision of the St. Louis Court of Appeals and of the Kansas City Court of Appeals. On *certiorari* we are not concerned with any conflict which may exist between opinions of any of the Courts of Appeal. We are only to determine whether the opinion in the case under review conflicts with a controlling decision of this court. The point made cannot be sustained.

Conflict Between Courts of Appeals.

VI. Relator finally contends that Instruction No. I, given by the court to the jury at the instance of plaintiff Heckfuss, was erroneous "in that it purported to cover the plaintiff's case and to submit his theory of liability, and in doing so submitted the specific negligence which the evidence, admitted over the objection of defendant, tended to establish; and that it submitted issues nowhere pleaded nor referred to in the petition." As being in contravention to the opinion of the Court of Appeals, relator cites several decisions of Courts of Appeal (with which we are not concerned) and the cases of Degonia v. Railroad Co., 224 Mo. 564; Scrivner. v. Railroad Co., 260 Mo. 421; Gunn v. United Railways, 270 Mo. 517; State ex rel. Coal Co. v. Ellison, 270 Mo. 645, and State ex rel. Long v. Ellison, et al., 272 Mo. 571.

Correctness of Decision Not Issue.

Instruction No. 1 is as follows:

"The court instructs the jury if you believe from the evidence that the defendant, American Packing Com-

pany, was engaged in preparing and packing meats and provisions, and manufacturing sausage and other like products, at its plant and factory in the City of St. Louis, Missouri, and that plaintiff was in the employ of said defendant as a laborer, at its said plant and factory.

"And if the jury further believe from the evidence that said defendant used and operated in its said business at its said plant, a certain machine or grinder consisting of a hopper and a cylinder and crusher and knives, and that said machine or grinder was operated and pro·pelled by power transmitted to it by means of belt, wheels and pulleys, and that said machine was started and put in motion by shifting the belt thereof which transmitted the power to said machine from a loose wheel or pulley onto a tight wheel or pulley, fastened to the shaft of said machine.

"And if the jury further believe from the evidence that said loose wheel or pulley to which the belt of said machine was shifted, and on which the belt thereof run when said machine was stopped, and not in motion, was so placed upon the shaft of said loose wheel or pulley that the said wheel or pulley wobbled while said belt was running thereon, and by reason thereof was liable to cause said belt to shift over to and upon said tight wheel or pulley, so attached and fastened to the shaft of said machine, and thereby cause the said machine and the knives and crusher thereof to revolve and be put in motion and that by reason thereof said machine was defective unsafe and dangerous, and that said defendant knew, or 'by the exercise of ordinary care could have known of said defective, unsafe and dangerous condition of said loose wheel or pulley, as aforesaid, in time by the exercise of ordinary care to have remedied the same before the plaintiff was injured, if you believe he was injured.

"And if the jury further believe from the evidence that on or about the 20th day of May, 1916, that said machine had been stopped by the defendant and was not in motion, and the plaintiff was ordered and directed by said defendant to clean said machine or grinder, and that in order to so clean said machine it was necessary

for plaintiff to take the crusher and knives out of the same and to clean the cylinder thereof, and to replace the said crusher and knives in said machine; and that in obedience to said order and direction of said defendant, if you so find that plaintiff, while in the service of the defendant, and while working in the line of his duty, and within the scope of his employment as a servant of said defendant, took the crusher and knives out of said machine while said machine was stopped and not in motion and cleaned said machine and crusher and the knives thereof and replaced said knives and crusher in said machine; and that by reason of said defective and unsafe and dangerous condition of said loose wheel or pulley aforesaid, and by reason of the defendant's failure to so exercise ordinary care, as aforesaid, if you so find, the belt of said machine shifted from said loose wheel or pulley onto said tight wheel or pulley, so fastened to the shaft of said machine, and said machine was caused to start, revolve and be put in motion, and by reason thereof plaintiff's right hand and the fingers and thumb thereof, while in said machine, and while he was in the act of replacing the said knives and crusher therein, were caught and crushed, and that plaintiff was thereby injured, and that plaintiff was guilty of no negligence which directly contributed to cause his said injury, as defined in other instructions, your verdict must be for the plaintiff.''

On motion for rehearing the Court of Appeals had the following to say with reference to this insistence:

''The negligence set out in the petition is alleged in a general way, but the allegations of negligence are broad enough to permit the introduction of testimony showing such negligence specifically.

''As was said by the Kansas City Court of Appeals, in Lafever v. Pryor, 218 S. W. 970:

'The petition charged general negligence, and the court submitted to the jury the particular negligence which the evidence tended to prove. This was not submitting issues not included within the allegations of the

petition, since, under a general charge in the pleading, the particular acts relied upon may be shown and instructions may be based thereon (authorities cited).'

"The specific acts of negligence submitted to the jury in plaintiff's instruction were such acts as may be shown under the general allegations in this petition, and when such specific acts of negligence are shown, then the instructions must require the jury to find the particular acts of negligence said to be revealed by the testimony. [Lauff v. Carpet Company, 186 Mo. App. 123, l. c. 135, 171 S. W. 986.] "

Degonia v. Railroad Co., supra, and State ex rel. Coal Co. v. Ellison, supra, both go to the point that an instruction cannot be broader than the pleadings, although the evidence might have taken a broader range. Here, again, however, relator would have us determine whether the conclusion of the Court of Appeals is correct or incorrect, which we have said is not our province.

Scrivner v. Railroad Co., supra, and Gunn v. United Railways, supra, are beside the question.

State ex rel. Long v. Ellison, supra, holds that an instruction purporting to cover the whole case, from which is omitted an element of negligence necessary to plaintiff's right to recover, cannot be cured by one given for defendant.

None of these cases are in conflict with the opinion of the Court of Appeals and the point is ruled against relator.

This concludes the several questions raised by relator. From all of the foregoing it follows that our writ was improvidently granted and should be quashed. It is so ordered.

All concur, except *Woodson, J.*, absent.