THE STATE EX REL. NICK M. BRADLEY and E. C. LITTLEFIELD, Interpleaders, v. FRANCIS H. TRIMBLE ET AL., Judges of Kansas City Court of Appeals.

Division Two, December 20, 1926.

1. **EQUITABLE PROCEEDING:** Interplea for Attorney Fee. An interplea by attorneys for the fee due the attorney for plaintiff in a lawsuit, each claiming to have been plaintiff's legally employed attorney to bring the suit, should be disposed of as an equitable proceeding, in which the trial court has the legal right to pass upon the weight of the evidence.

2. **CERTIORARI: Conflict of Decisions.** So long as the Court of Appeals, in a case of which it has jurisdiction both of the subject-matter and the parties, promulgates no rule of law which conflicts with a former rule of this court on the same or a similar state of facts, it has the inherent right to determine the issue involved, and whether its ruling be right or wrong this court cannot quash its opinion upon certiorari.

3. ———: Attorneys: Priority: Interplea for Contingent Fee: Conflict with Decisions. The decision of the Court of Appeals, affirming the judgment of the circuit court, in an equitable proceeding, in which two sets of attorneys claimed to have been employed by the same client to bring a suit for him for one-half the amount recovered, and in which the attorneys were interpleaders for the fee, each set claiming priority, and in which the finding of the court, aided by a jury in determining the issues of fact, was that, not the attorneys who filed the petition and tried the case, but one of the other set had been first employed to bring the suit and that he had employed as his agent the attorney who actually filed the petition to draw and file it for him and was therefore entitled to the fee, did not contravene any previous ruling of this court based on the same or a similar state of facts, and therefore said decision, whether right or wrong, cannot be quashed upon certiorari.

Corpus Juris-Cyc. References: **Appeal and Error,** 4 C. J., Section 2552, p. 659, n. 59. **Certiorari,** 11 C. J., Section 377, p. 210, n. 42. **Courts,** 15 C. J., Section 308, p. 920, n. 8; Section 518, p. 1093, n. 68.

*Certiorari.*

WRIT QUASHED.

*Nick M. Bradley* and *E. C. Littlefield* for relators.

(1) This court in this case must look to the opinion of the Court of Appeals and the pleadings, and written instruments referred to therein for the facts. State ex rel. Life Ins. Co. v. Allen, 282 S. W. 46. This court is permitted to examine any pleading or written instrument referred to, and reference to any pleading or written instrument in the opinion of the Court of Appeals makes such

316 Mo.—7.

pleading or written instrument as much a part of the opinion as if fully set forth therein.    State ex rel. Kansas City v. Ellison, 281 Mo. 667.    (2)   With reference to the question as to the employment of Littlefield by Robertson the opinion states that the evidence was flatly contradictory, and the Court of Appeals allows it to go at that.    It is not otherwise referred to in the opinion.    It would appear from the opinion, and that is the record in this case, that the Court of Appeals considered that question immaterial.    Appellants at the trial in the circuit court objected to the introduction of any evidence as to any employment of Littlefield by Robertson, for the reason that it was immaterial.    In the first place, Littlefield held a written contract of employment by Smith, the plaintiff in the suit, at the time Robertson insists he employed Littlefield to prepare the petition.    Littlefield at all times denied any employment by Robertson, and told Robertson at all times, as shown by the testimony of Robertson himself, that he had a written contract with Smith, and that he filed the suit under the authority of that written contract, and that he was not acting for Robertson.    At no stage of the proceedings was there anything that could possibly lead Robertson to believe that Littlefield was attempting to act for him in the matter. The petition filed in the suit was signed by Littlefield and Bradley, as attorneys.    Robertson states that he asked Littlefield why his name was not also signed to the petition, and that Littlefield told him he had a written contract with plaintiff, thus giving Robertson notice, early in September, 1923, that he was not acting for him, and yet he now asks this court to find that the Court of Appeals held that the lien which the statute gives to Littlefield, as the attorney for plaintiff, inured to his benefit.    The Court of Appeals did not even discuss that question, and did not decide that question.    It was immaterial whether Robertson attempted to employ Littlefield or not. Littlefield did not accept any employment, and did not at any time appear to act under any authority from Robertson, and did not at any time lead Robertson to think that he was representing him, or was acting under any authority delegated by Robertson.    On the contrary, Littlefield acted at all times under the authority of the written contract, signed by Smith, and set out in full in the opinion. This was certainly notice to Robertson that Littlefield was not acting in his behalf, or pretending to represent him in any manner.    (3) The only question in this case is the proper construction to be placed upon Sections 690 and 691, Revised Statutes 1919.    This court is permitted to examine Robertson's interplea in this proceeding, because it is referred to in the opinion, and outlines the theory on which he sought to recover in the interpleader action.    By reference to that interplea, this court will find that Robertson based his right to recover upon the fact that he was the first attorney consulted by the

plaintiff, Smith, and the attorney who investigated the facts, and upon the further fact that he had the court enter his name upon the bar docket as attorney for plaintiff, and that any contract made between plaintiff and Littlefield, being subsequent to the date on which he was consulted, was void. This theory of respondent ignores entirely the provision in Section 691, limiting the lien of the attorney to the time when the notice is served upon the defendant. The opinion also ignores the limitation embodied in the said section, and holds that when notice is served upon defendant, it operates as a lien upon the cause of action. In this respect, the opinion is in conflict with the opinion of this court in Wait v. Railroad, 204 Mo. 491; Fisher v. Anderson, 101 Mo. 459.

*R. M. Robertson* and *M. D. Aber* for respondents.

(1) It is not the province of the Supreme Court to determine whether the Court of Appeals erred in its application of rules of law to the facts stated in its opinion, but only whether upon those facts it announced some conclusion of law contrary to the last previous ruling of the Supreme Court upon the same or similar facts. State ex rel. v. Reynolds, 289 Mo. 506; State ex rel. v. Allen, 294 Mo. 214. (2) There is no conflict between the decision of the Court of Appeals in this case and that rendered by this court in Wait v. Railroad, 204 Mo. 491. (3) There is no conflict between the decision of the Court of Appeals in this case and that rendered by the Supreme Court in Taylor v. Transit Co. 198 Mo. 715. (4) There is no conflict between the decision of the Court of Appeals in this case and that rendered by the Supreme Court in Fisher v. Anderson, 101 Mo. 459. (5) There is no conflict between the decision of the Court of Appeals in this case and that rendered by the Supreme Court in the cases of Lyons v. Corder, 253 Mo. 539; Borgess v. Vette; 142 Mo. 560; or Company v. Walsh, 108 Mo. 277. (6) There is no conflict between the decision of respondents in this case and that of this court in the cases of Pier v. Heinrichoffen, 52 Mo. 333; Wolf v. Harris, 267 Mo. 409.

RAILEY, C.—This is a proceeding by relators, who are practicing lawyers in Johnson County, Missouri, by *certiorari,* to quash the record of the Kansas City Court of Appeals in a case recently pending and determined in said court.

Their petition alleges that on September 6, 1923, they filed in the Circuit Court of Johnson County aforesaid a petition in an action for damages, signed by Nick M. Bradley and E. C. Littlefield, as attorneys for Joseph Smith, plaintiff, against Frank C. Nicholson et al., defendants; that service upon defendants was had, and the cause

set down for hearing for the October term, 1923, of said court; that all the defendants answered at said term; that relators conducted all the proceedings, and made all appearances for the plaintiff in said cause, and finally obtained judgment against Frank C. Nicholson, one of the defendants, in the sum of five hundred dollars, on the 24th day of November, 1924. That on November 13, 1924, R. M. Robertson, a practicing lawyer of Johnson County aforesaid, served written notice upon Frank C. Nicholson, to the effect that he had been employed by said Joseph Smith, the plaintiff, and that he claimed a lien on the judgment; that on December 10, 1924, said Frank C. Nicholson filed in said cause a petition asking that said relators, R. M. Robertson and Joseph Smith, the plaintiff, be required to interplead for the proceeds of the judgment; that relators, and said Robertson, filed interpleas in said cause; that relators demurred to the interplea of Robertson, which was overruled, and the cause proceeded to a trial upon said interpleas of Robertson, Smith and relators; that the latter offered in evidence the original petition filed by them, and a written contract signed by plaintiff, authorizing them to file the suit and agreeing to allow them one-half of the amount recovered; that they offered evidence tending to show that they had conducted all the proceedings leading up to the judgment, at the request, and under the contract of plaintiff; that there was no conflict as to the above facts; that R. M. Robertson introduced evidence to the effect that he had been employed by plaintiff in May, 1923, to file said suit; that he did not file the suit himself, but employed relator, E. C. Littlefield, to prepare the petition and to send it to Warrensburg for filing; that Robertson, over the objection of relators, introduced in evidence his ledger, containing a memorandum of the contract between him and plaintiff Smith; that on the 1st day of the October term of said circuit court, he asked the circuit judge to enter his name on the bar docket as attorney for plaintiff; that the circuit court rendered judgment sustaining a lien in favor of R. M. Robertson for $250, and refused to sustain any lien in favor of relators; that the remaining $25 was awarded to attorneys for Frank C. Nicholson as their fees in the interplea action; that motions for a new trial and in arrest of judgment were filed, overruled and the case appealed to the Kansas City Court of Appeals, where the judgment was affirmed as shown by "Exhibit A;" that a motion for rehearing was filed in the Court of Appeals, overruled, and the writ of *certiorari* issued herein.

In order to avoid repetition, we will consider the questions presented by the record in the opinion.

Before coming to the merits of this controversy, we deem it expedient to dispose of some of the law questions presented by the record.

I. The Court of Appeals properly held that on the record before it, the case should be disposed of as an equitable proceeding, in which said court had the legal right to pass upon the weight of the evidence disclosed by the record. [Bush v. Kansas City Life Ins. Co., 214 S. W. 178, and cases cited.]

**Equitable Proceeding.**

II. The Court of Appeals had jurisdiction over the subject-matter of the action and likewise over the parties connected therewith.

**Certiorari.**

In State ex rel. v. Allen, 256 S. W. l. c. 1052, we said: "As long as said court promulgated no rule of law which could be said to conflict with a former ruling of this court on the same or similar facts, it had the inherent right to determine the issues involved, whether its rulings be right, or wrong."

To the same effect, are the following authorities: State ex rel. v. Daues, 285 S. W. 480; State ex rel. Calhoun v. Reynolds, 289 Mo. 514 to 518, 233 S. W. 483 and fol.; State ex rel. Packing Co. v. Reynolds, 287 Mo. 697, 230 S. W. 642.

III. The Court of Appeals in its opinion gave a general outline of the case before it, up to the time of the trial in the circuit court. The opinion then recites that: "The cause was tried on January 3, 1925, a jury being impaneled by the court to assist in determining certain questions of fact, as follows:

**Interplea: Attorney Fee: Conflict.**

" 'First. Did plaintiff Joseph Smith employ as his attorney in his claim against Nicholson and others, Mr. R. M. Robertson, if so, did said Robertson render service to Mr. Smith?

" 'Second. If Mr. Smith so employed Mr. Robertson and he rendered services accordingly, then did Mr. Robertson employ Mr. E. C. Littlefield to assist as attorney in the case?

" 'Third. Did Mr. Smith, the plaintiff, employ Mr. E. C. Littlefield in the case independently of any employment through Mr. Robertson?'

"Objection to the action of the court in submitting said questions of fact to the jury was made by Littlefield and Bradley, upon the ground that whether Robertson employed Littlefield to assist him is not an issue in the case. The objection was overruled.

"At the close of the testimony, the jury returned their verdict and finding of fact as follows: That Joseph Smith employed attorney R. M. Robertson and agreed to give him one-half of any proceeds recovered in the suit in question; that Joseph Smith employed R. M. Robertson on a contingent fee of one-half the amount recovered, and that thereafter attorney Robertson employed attorney Littlefield.

Upon this finding, the court entered of record the following judgment:

" 'Wherefore the court adjudges that the lien of R. M. Robertson for $250 of said $500 judgment be and is established; that defendant Frank C. Nicholson pay to said R. M. Robertson said sum of $250; that interpleaders Littlefield and Bradley recover nothing herein; that defendant Nicholson pay to said Smith the sum of $250, and all costs in said cause, except costs connected with this interplea; that said Littlefield pay all costs of said interplea; that defendant be allowed an attorney's fee of $25, and that on account of the jury having found that plaintiff Smith did not testify correctly as to his employment of attorney Robertson, said $25 fee is to be deducted from the said $250 to be paid said plaintiff.' "

The opinion then recites that the motions for a new trial and in arrest of judgment filed by Littlefield and Bradley were overruled and they appealed to said court. The opinion likewise sets out the evidence of interpleaders Littlefield and Bradley offered in the trial court to sustain their plea relating to an attorney's fee claimed to be due them. It likewise sets out the evidence in the trial court tending to show the prior employment of Robertson by Smith on May 22, 1923, anterior to the alleged employment of Littlefield and Bradley, and tending to show, that Robertson was entitled to an attorney's lien for his fee and employed Littlefield to assist him. The opinion recites that Littlefield denied that Robertson had employed him, and also recites that Smith denied he had employed Robertson. The trial court found in favor of Robertson and the Court of Appeals affirmed the judgment.

It is contended by relators that the opinion of the Kansas City Court of Appeals, affirming the judgment in favor of Robertson, is in conflict with the rulings of this court in Wait v. Railroad, 204 Mo. 501, and Taylor v. Transit Co., 198 Mo. 725. Before reviewing the above cases, we will re-state the issues, presented to the trial court whose judgment was affirmed by the Court of Appeals.

Robertson claims that he was employed by Smith to prosecute his case and was to receive one-half of the amount recovered; that he investigated the facts, and thereafter employed Littlefield to prepare and file a petition for Smith; that Littlefield was Robertson's agent and assistant in the filing of said suit, and that Littlefield's act in so doing, was in contemplation of law the act of Robertson. The contention of the latter was controverted by Littlefield and Bradley, who claimed an attorney's lien on said fund, by virtue of a contract made with Smith without regard to Robertson. Both Smith and Littlefield denied that Robertson employed Littlefield. A sharp issue of fact was thus presented to the jury, and the latter sustained Robertson's contention, found that he retained Littlefield, and that

Smith never employed Littlefield. The trial court sustained the jury by its judgment, and the Court of Appeals, acting as an equity tribunal, reviewed the facts and sustained both the trial court and jury. Keeping in mind, as heretofore shown, that we cannot quash the record of the Court of Appeals, unless we find that its rulings are in conflict with the last previous ruling of this court, on the same or similar facts, we will proceed to a consideration of the two cases supra.

(a)   The Wait case was pending in this court on appeal from the circuit court, and was not a *certiorari* proceeding. On appeal, this court had the legal right to determine whether the rulings of the circuit court were valid. In this proceeding by *certiorari*, we cannot overturn an erroneous ruling of the Court of Appeals, unless it is in conflict with some previous ruling of the Supreme Court on the same or similar facts.

(b)   Were the issues in the Wait case similar to those at bar? Clearly not. There was only one interpleader in the Wait case, and he sought relief in this court to establish his attorney's lien. The interplea was overruled, because this was not a court of original jurisdiction. What the court said as to the validity.of interpleader's demand was purely *obiter* and wholly unnecessary in passing upon the question of jurisdiction. In the case before us, there were two sets of contesting interpleaders, both of whom claimed to have been employed by Smith, and the real question at issue was one of priority. If Robertson had not filed any interplea, and the Court of Appeals had held that Littlefield and Bradley were not entitled to their attorney's lien on the testimony presented in their behalf, it might be said that the ruling of the Court of Appeals was in conflict with the learned *dicta* in the Wait case. The Court of Appeals, however, assumed no such attitude in this case. On the contrary, it simply held, in legal effect, that Littlefield was employed by Robertson; and in filing the suit for Smith, acted as agent for Robertson. No such issue was presented in the Wait case and, hence, the decision of the Court of Appeals in respect to said ruling, whether right or wrong, cannot be said to be in conflict with the Wait case on the same or similar facts.

(c)   It is claimed in relator's petition, that the ruling of the Kansas City Court of Appeals is in conflict with the decision of this court in Taylor v. Transit Co., 198 Mo. 715 and following. The latter was brought to the Supreme Court on appeal and was not before this court on *certiorari* involving the same or similar facts. In other words, the Taylor case was not based on the rights of contesting interpleaders, but was a suit against the railroad, by a lawyer who was entitled to a lien for his services in a case which had been settled out of court by the railroad without his consent. The plaintiffs in the

original case were insolvent and this court sustained the attorney's action against the railroad to recover his attorney's fees under the circumstances aforesaid. What we have said under subproposition (a) applies with equal force to this contention.

The decision of the Court of Appeals in the case at bar is not in conflict with the above decisions in the Wait and Taylor cases, supra.

IV. We have carefully examined the authorities cited in the respective briefs, and fully considered all the questions involved in

**Right to Quash.** this case. As heretofore stated, it is not the province of this court to quash the record of the Court of Appeals in a *certiorari* proceeding, even if deemed wrong, unless we can say that the opinion of said court, as promulgated, is in conflict with the last previous rulings of this court on the same or similar facts.

We are of the opinion, that the writ herein was improvidently issued and should be quashed. It is so ordered. *Higbee, C.,* concurs.

PER CURIAM:—The foregoing opinion of RAILEY C., is adopted as the opinion of the court. All of the judges concur.